**Guy F. BROWN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56442.**

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

John J. Cosgrove, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Presiding Judge.

Guy F. Brown, herein referred to as movant, with six prior out of state offenses, did on January 31, 1964, enter pleas of guilty to one charge of rape and three of attempted rape. His punishment was assessed at confinement for twenty-five years on each offense to be served concurrently.

On February 20, 1970, movant filed a motion to set aside said sentences under Criminal Rule 27.26, V.A.M.R. The grounds alleged in the motion, and carried forward on appeal, are that: (1) he was denied the effective assistance of counsel, because said counsel (a) failed to move for a mental examination and (b) failed to investigate the charges and the facts of the cases before the pleas of guilty; and, (2) the court which received his pleas of guilty did not determine that they were made voluntarily and with an understanding of the nature of the charges.

The trial court held an evidentiary hearing, with movant and counsel present, and thereafter entered detailed findings of fact

and conclusions of law. For reasons not now of interest, the judgments and sentences relating to the three "attempted rapes" were vacated and set aside, but relief was denied as to the judgment and sentence pertaining to the charge of rape. Movant has appealed from the latter action of the trial court.

Movant testified that he was married, attended one year of college, and, at the time of the alleged offenses, was employed as an insurance agent. He denied that he at any time discussed with his trial attorney the possibility of raising his mental condition as a defense. In addition, he stated, "I entered a plea of guilty because there was a recommendation of my attorney . . .," and, "I told her [his attorney] that I would not enter a plea for anything [more than] 15 years." At no time did he suggest that he was not mentally competent at the time the pleas were entered nor at any other time in his life. In fact, the record reflects that to the contrary movant was intelligent, alert and aware of everything that had transpired at all stages of the proceedings.

■ Trial counsel testified she knew of movant's recent release from confinement in Michigan under a 25 year sentence for rape and of previous sexually related offenses; and, that she had thought of the possibility of trying to establish an incompetency defense. The latter thought stemmed from the many sexual offenses mentioned and not because of any condition evidenced by movant's actions while with him. Movant was quoted as saying, " . . . he did not want the [mental] examination," and the attorney stated, " . . . he was alert and clear in helping me to work out what he thought was a good defense, and he didn't want it to be on the basis of insanity." She further testified that she had read psychiatric reports, made after examinations during movant's confinement in Michigan, and

thereafter abandoned any hope of establishing such a defense. As to the pleas, she testified, "I explained it to him thoroughly, and he and I discussed it back and forth. He felt . . . he would be fortunate if he received a sentence of 25 years." A sister of movant, by a telegram to him, had recommended the action which was taken. Such a record does not call for consideration of Pate v. Robinson, 383 U. S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; Brizendine v. Swenson, D.C., 302 F.Supp. 1011 or Franklin v. State, Mo., 455 S.W.2d 479.

■ As to the alleged lack of investigation, the attorney testified that she had had telephone conversations to check dates with the people involved in the charges, and had personally talked with the sixteen year old victim for over an hour; and, that she had discussed with movant the dates, times, places and victims mentioned in the charges. There were other conversations with movant's sister.

■ Lastly, as to the contention the trial court failed to find the pleas were intelligently entered, we have reviewed the record made at that time and it is obvious the trial court, by personal interrogation and advice to movant, acted with all care and caution called for. The inadequacies therein, if any, may be considered in light of the present record made at the 27.26 hearing. State v. Grimm, Mo., 461 S.W.2d 746.

The trial court made exhaustive findings and conclusions of law and found all of movant's contentions reference the charge of rape to be without merit. From the record presented, we can only conclude that such findings, conclusions, and resulting judgment are not clearly erroneous. Rule 27.26(j), V.A.M.R.

The judgment is affirmed.

All of the Judges concur.