426 F.2d 807
 Jethro BOLTON, Petitioner-Appellant,
v.
Louis S. NELSON, Warden, California State Prison, Tamal, California, Respondent-Appellee.
Jethro BOLTON, Plaintiff-Appellant,
v.
Louis S. NELSON, Warden, California State Prison, Tamal, California, Respondent-Appellee.
 No. 24002.
 No. 25126.
 United States Court of Appeals, Ninth Circuit.
 May 18, 1970.
 
 Jethro Bolton, in pro per.
 Thomas C. Lynch, Atty. Gen. of California, Derald E. Granberg, Horace Wheatley, Deputy Attys. Gen., San Francisco, Cal., for respondent-appellee.
 Before HAMLEY and WRIGHT, Circuit Judges, and SMITH,* District Judge.
 EUGENE A. WRIGHT, Circuit Judge.
 
 
 1
 We have consolidated for decision these two habeas petitions by the same prisoner.
 
 
 2
 Petitioner was convicted by a California court of first-degree murder, and sentenced to life imprisonment. He contends here that the trial court erred in not following the procedure laid down in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) for testing the voluntariness of his confession, that he was denied effective counsel on appeal, and that he was denied the right to cross-examine a key witness against him.
 
 
 3
 The district court dismissed petitioner's confession and effective counsel claims for failure to allege exhaustion of state remedies. 28 U.S.C. § 2254(b). But the record before Judge Sweigert in No. 24,002 did not include a copy of petitioner's application to the California Supreme Court for habeas corpus, which raised both contentions, and which is before us by virtue of its inclusion in the record in No. 25,126.
 
 
 4
 Our examination of petitioner's confrontation claim is not foreclosed by the mere fact that the claim was fully litigated in the state courts, as the respondent contends. 28 U.S.C. § 2254(b), in this respect, did no more than codify the pre-existing law of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962) and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962). See Selz v. California, 423 F.2d 702 (9th Cir. 1970). We thus reach the merits of all three claims, and deny them.
 
 
 5
 As to the confession claim, the record of petitioner's trial shows that the prosecutor made a substantial showing that the confession was voluntary under the then applicable standard, Escobedo v. United States, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and that no objection to its admission was made by petitioner's counsel. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908 (1964) only regulates the procedure for determining whether a challenged confession is voluntary. Absent plain error it has no application when voluntariness is not in issue. Even now petitioner does not suggest that his confession was in fact involuntary.
 
 
 6
 The claim of inadequate representation on appeal rests solely on counsel's failure to raise the confession point discussed above. We think counsel acted properly.
 
 
 7
 The third claim is somewhat more substantial. Shortly after the crime, one Fred Snow told police officers that, at the time of the murder, he had seen a knife in petitioner's hand. At trial, Snow remembered not a knife, but only a "shiny object." The prosecutor made a showing of surprise and damage from Snow's testimony and was permitted, over objection and for the purpose of impeachment, to introduce Snow's prior statements.
 
 
 8
 Petitioner challenges this procedure as in violation of People v. Newson, 37 Cal.2d 34, 230 P.2d 618 (1951). Whether he is correct, as a matter of state law, is not for us to decide, though People v. Seiterle, 65 Cal.2d 333, 54 Cal. Rptr. 745, 420 P.2d 217 (1966) points in the opposite direction. But we are convinced that nothing in this record amounts to a violation of the confrontation clause of the Sixth Amendment entitling petitioner to federal relief.
 
 
 9
 The extrajudicial statements involved here were admitted not as substantive evidence, but as impeachment. In theory, therefore, they went to prove not that petitioner was guilty, but that Snow was a liar. It is true that as a practical matter the difference between impeaching and substantive evidence may be of little moment to a jury, and that cases like Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) suggest that the policies behind the confrontation clause may one day sweep away such formal distinctions. However this may be, the Supreme Court has not yet abrogated the traditional rule permitting the use of prior inconsistent statements for the purpose of impeachment, and it is not for us to do so.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 *
 The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation