**Waymond Gene SMALL, Petitioner-Appellant,**

v.

**STATE OF ARIZONA ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondents-Appellees.**

No. 26076.

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1972.

Michael J. Kutsko, San Francisco, Cal., for petitioner-appellant.

Gary K. Nelson, Ariz. Atty. Gen., Roderic A. Dietz, William P. Dizon, Asst. Attys. Gen., Phoenix, Ariz., for respondents-appellees.

Before HAMLEY, ELY and TRASK, Circuit Judges.

PER CURIAM:

This appeal is from an order denying a petition for a writ of habeas corpus to an Arizona prisoner serving a term of from twelve years to fifteen years for robbery. The petitioner alleged that the guilty plea to the robbery charge was not intelligently made and that petitioner lacked the mental competence to properly understand the proceedings or assist his attorney in his own defense. He demanded an evidentiary hearing.

The district court ordered the warden to file a response "together with the applicable portions of the state court proceedings." A response was filed together with portions of the transcript and, in addition, the court had the advantage of the opinion of the Supreme Court of Arizona reciting portions of the transcript with respect to the entry of the guilty plea. State v. Small, 105 Ariz. 363, 464 P.2d 955, 956 (1970).

The district court examined the proceedings in the state court and determined that they were constitutionally sufficient to justify the state action taken and did not warrant an evidentiary hearing.

The petition was denied, a motion for reconsideration was filed and duly considered and it, too, was denied. Thereafter a certificate of probable cause was issued and this appeal taken in forma pauperis with appointed counsel.

The petitioner entered a voluntary guilty plea to the robbery charge. The proceedings at which this plea was entered are set out verbatim in the opinion of the Supreme Court. State v. Small, *supra.* The exceptional caution exercised to be certain that the plea was voluntary when entered, was such that the issue was not briefed or urged on appeal.

Before sentence on the robbery charge petitioner escaped but was soon apprehended. When brought before the state trial court on the escape charge his attorney requested a statutory hearing [1] on mental competency. The court immediately appointed two doctors to examine

1. Rule 250, Arizona Rules of Criminal Procedure, 17 A.R.S., provides:
   "A. If before or during the trial the court has reasonable ground to believe

that the defendant, against whom an indictment has been found or information filed, is insane or mentally defective, to the extent that he is unable to under-

petitioner and set a new date for a hearing.

The reporter's transcript of the proceedings disclosed that Maier Tuchler, M.D., testified that he was a Board certified psychiatrist. He found petitioner to be "not mentally defective," of "good intelligence," knowing "right from wrong," and that he was capable of communication and cooperation with his attorney. The second doctor was Walter O'Brien, M.D., a practitioner of forty years, although not a psychiatrist. He had, however, frequently been called to examine people and testify as to their mental competency. He also was of the opinion that the man was sane. Both doctors had also examined probation reports and records of petitioner's hospitalization. The state trial court accepted the testimony and found the defendant mentally competent to understand the proceedings and assist his attorney. Both doctors were carefully cross-examined. There was no evidence offered to the contrary, although on a motion to reconsider, an earlier history of mental difficulties was submitted to the United States District Court and duly considered. The escape charge was ultimately dismissed. The court accepted the guilty plea on the robbery charge that had already been tendered and proceeded to sentencing.

■■ It is well established that on a petition for habeas corpus, the district court must review all of the necessary portions of the state court record and conclude that on such part of the record as a whole the factual determinations of the state court were fairly supported by the record and that there was a full and fair hearing. Townsend v. Sain, 372 U. S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Selz v. California, 423 F.2d 702 (9th Cir. 1970); 28 U.S.C. § 2254. Here the district court did determine after a careful review of the state record, " . . . that petitioner was afforded a full and fair state court evidentiary hearing, at which petitioner had an ample opportunity to present evidence and that the [state] trial court's factual determinations are fairly supported by the record; . . . "

There was some question whether petitioner's hospital records at a time when he was in an Ohio mental hospital were before the court. However, petitioner asserts that he sent a copy of this report to the Arizona Supreme Court, C.T. 74, which referred to it in its opinion, 464 P.2d at 959, and a copy was filed with his motion for reconsideration before the district court and considered there, even though there could be a serious question raised whether under these circumstances it was "newly-discovered" evidence.

The judgment is accordingly affirmed.

stand the proceedings against him or to assist in his defense, the court shall immediately set a time for a hearing to determine the defendant's mental condition. The court may appoint two disinterested qualified experts to examine the defendant with regard to his present mental condition and to testify at the hearing. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party. "B. If the court, after the hearing, decides that the defendant is able to understand the proceedings and to assist in his defense it shall proceed with the trial. If it decides that the defendant through

insanity or mental deficiency is not able to understand the proceedings or to assist in his defense, it shall have the defendant committed to the institution authorized to receive him, and the commitment of the defendant shall exonerate his bail. If thereafter the authorized officer of such institution is of the opinion that the defendant is able to understand the proceedings and to assist in his defense, he shall report such fact to the court which conducted the hearing. If the officer so reports, the court shall proceed with the trial, and may again admit the defendant to bail, if he is bailable."