**UNITED STATES of America ex rel. Ronald J. THOMAS, Appellant,**

v.

**J. F. MARONEY, Superintendent, State Correctional Inst., Pittsburgh, Pennsylvania, Ferdinand Bionaz, Esquire, Cambria County, Pennsylvania.**

No. 17337.

United States Court of Appeals Third Circuit.

Submitted Dec. 20, 1968.

Decided Feb. 7, 1969.

Ronald J. Thomas, pro se.

William G. Shahade, Asst. Dist. Atty., Ebensburg, Pa. (Ferdinand F. Bionaz, Dist. Atty., Ebensburg, Pa., on the brief), for appellee.

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order of the district court denying a petition for habeas corpus. No evidentiary hearing was held. The lower court issued a certificate of probable cause for an appeal. In the petition, appellant, a state prisoner, alleged that his conviction had been obtained by perjured testi-

mony.[1] In this appeal he claims that the district court committed error by its summary dismissal of his petition because the record on which the order was based was not a "full and uncontested record of the state proceedings."[2]

As we are not certain whether the district court had before it all of the relevant state records when it dismissed the appellant's petition, we do not pass on the merits of the petition.

Appellant was tried and convicted by a jury on two counts of burglary, and sentenced on October 30, 1963, to a term of two to eight years. The record does not show any direct appeal from this conviction. Appellant was paroled in October 1966, and subsequently recommitted as a parole violator in February 1967. Prior to his parole, appellant had filed two unsuccessful habeas corpus petitions in the state courts. In the second habeas corpus proceeding an evidentiary hearing was held and appellant was represented by appointed counsel. No appeal was taken from either dismissal.

Following appellant's recommitment, he filed a petition under the Pennsylvania Post-Conviction Hearing Act in which he was represented by appointed counsel. An answer was filed by the District Attorney and, after oral argument, a hearing was refused and the petition dismissed in an opinion by the state court discussing appellant's contentions. The dismissal was affirmed *per curiam* by the Pennsylvania Superior Court in Commonwealth v. Thomas, 211 Pa.Super. 741, 235 A.2d 824 (1967), allocatur denied February 13, 1968. State remedies have thus been exhausted.

In the district court appellant raised the same basic issue as in the state proceedings, i. e., that his conviction resulted from the use of perjured testimony.

The district court's denial of appellant's petition for a writ of habeas corpus was predicated upon the examination, as the court put it, of the "documents presented" to it, particularly the opinion of the state court disposing of the post-conviction hearing petition. "Under federal standards," the district court said in its unreported order, "the State Court has disposed of all petitioner's contentions."

The 1966 amendment to § 2254 of Title 28, United States Code, upon which the district court was no doubt relying, provides, subject to a number of exceptions, that in habeas corpus proceedings by state prisoners in federal courts,

> a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct * * *.

The district court did not indicate the nature of the "documents presented" which it considered in denying appellant's application for habeas corpus.

---

1. This allegation is based on an admitted variance in the testimony of a fingerprint expert who testified that he conducted his investigation on the *morning* of October .14, 1963, even though the alleged crime was committed the *evening* of October 14. In the District Attorney's brief and in the opinion of the state court in a post-conviction hearing proceeding, it is explained that the witness' statement was inadvertent and that he meant to say that he conducted his investigation on the morning of October *15*. The state court opinion concludes further that there is sufficient evidence to support the conviction.

An allegation of the knowing use of false evidence, uncorrected by the state, raises a Fourteenth Amendment issue: Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) ; Commonwealth v. Alston, 430 Pa. 471, 243 A.2d 404 (1968).

The District Attorney states that appellant is really claiming that he was convicted on insufficient evidence, a claim which he asserts cannot be raised collaterally unless it amounts to a denial of due process.

2. From appellant's pro se brief.

The record shows the court had appellant's petition for the writ, to which were appended the opinion of the state court in the post-conviction hearing proceeding and the Pennsylvania Superior and Supreme Court orders.[3] It does not appear the district court had before it either the transcript of the state habeas corpus proceeding in which a hearing had been held or the trial transcript.

The 1966 amendment to § 2254 was designed to "relieve federal courts of the necessity of relitigating factual issues determinative of federal rights claimed by state prisoners,"[4] and to that end a state court determination, after a hearing on the merits of a factual issue, is presumed to be correct. While § 2254 thus allows the district courts to dispose of habeas corpus petitions by state prisoners without the necessity of an evidentiary hearing, it does not eliminate the duty of these courts, in affording presumptive validity to state-found facts, to review the record of the state proceeding in which the factual issues were determined.[5] It should be kept in

3. There is no notation on the district court docket in this case of any other materials having been received. The District Attorney's brief states that the court "examined the documents presented by Thomas together with the opinion of Judge McDonald * * *".

Local Rule 16(g) of the district court provides that the respondent in any habeas corpus proceeding shall be required to file · with the Clerk "on or before the date of hearing" certain documents, including the transcript of any jury trial and "any Habeas Corpus proceeding heretofore filed in any jurisdiction." As the record discloses no hearing in this case, evidentiary or otherwise, evidently the rule was inapplicable here.

4. Maes v. Patterson, 401 F.2d 200, 201 (10th Cir. 1968).

5. The Habeas Corpus Committee of the Judicial Conference of the United States in recommending the 1966 amendment said that "the proposed legislation, if enacted, will be a strong inducement to the States * * * to make and keep available records of evidentiary matter in criminal and post-conviction proceedings * * *," U.S.Code Cong. and Adm.News, 89th Cong., 2d Sess., pp. 3663, 3672 (1966), presumably the better to enable the district courts to make proper and expeditious disposition of applications for federal habeas corpus by state prisoners. See Baines v. Swenson, 384 F.2d 621, 623 n. 3 (8th Cir. 1967).

In Wade v. Yeager, 377 F.2d 841, 844 n. 2 (3d Cir. 1967), we recognized that the criteria established in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), for determining when evidentiary hearings are required were codified in the 1966 amendment. See also White v. Swenson, 261 F.Supp. 42, 60 (W.D.Mo.1966), and Note, 45 Tex.L.Rev.

592, 595 (1967). It is therefore instructive to look at *Townsend* to determine what district courts must do to obviate the need for such hearings:

This Court has consistently held that state factual determinations not fairly supported by the record cannot be conclusive of federal rights. * * * Where the fundamental liberties of the person are claimed to have been infringed, we carefully scrutinize the state-court record. * * * The duty of the Federal District Court on habeas is no less exacting.

*　　*　　*　　*　　*

A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record. Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—*is indispensable in determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings.* * * * 372 U.S. at 316, 319, 83 S.Ct. at 758. (Emphasis added.)

In Maes v. Patterson, supra, 401 F.2d at 201, the court said:

In many, perhaps in most, of the applications for federal habeas corpus disposition can now be made without an evidentiary hearing. But the duty of the federal court remains to make an independent determination that due process has been observed in the factual and legal support for state adjudications. Section 2254 does not purport to apply the finality of res judicata to any state determination of a federal right. The federal court may indulge in the presumption that the state court's determination of facts is correct and ordinarily should accept the state-found

mind that the state post-conviction proceeding on which the district court primarily relied was itself decided without an evidentiary hearing.[6] The state court relied, in turn, on the trial transcript, to which references were made in its opinion, and on the prior state habeas corpus proceedings, one of which involved an evidentiary hearing.[7]

Because there is a likelihood that the district court did not have before it a transcript of any of the state proceedings we have referred to above, it is necessary to return the matter to the court for further consideration consistent with this opinion. We believe it incumbent upon the district court to examine at least the state habeas corpus hearing transcript and, if that does not fully support the proper determination of the factual issues involved, to examine the transcript of the trial as well.[8] To follow the mandate as phrased in Maes v. Patterson, supra 401 F.2d at 202,

> If upon such review the court is satisfied that the presumption of correctness is not dissipated the petition and action may then be dismissed without further proceedings; if not so satisfied, the court may exercise its further discretion.

The order of the court below is accordingly vacated, and the case is remanded for further proceedings.

facts, *when* reviewing the state record. Only by such procedure can the federal court determine whether "it shall otherwise appear * * * that the applicant was otherwise denied due process of law in the state court proceedings." Sec. 2254(d). (7). (Footnotes omitted; emphasis in original.)

6. An evidentiary hearing is not required under the state law if the petitioner's claim is frivolous and without a trace of support or if a full and fair hearing was held in a prior proceeding. Act of Jan. 25, 1966, P.L. (1965) 1580, § 9, Purdon's Pa.Stat.Ann., Tit. 19, § 1180–9 (Supp.1967).

7. Notwithstanding the fact that the opinion of the state court by Judge McDonald, is quite comprehensive and is entitled to great weight, and that the issue here is uncomplicated, we do not believe we properly discharge our duty under *Townsend* unless we take the action we do here.

8. If, contrary to what we have been able to discover, the district court did in fact examine one or more of the state transcripts, then further disposition of the case may be made upon the basis of such examination, or upon reexamination if deemed appropriate.