**Ralph Jerome SELZ, Petitioner-Appellant,**

v.

**The STATE OF CALIFORNIA, Richard A. McGee, Director, Department of Corrections, et al., Respondents-Appellees.**

No. 23364.

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1970.

Rehearing Denied April 23, 1970.

Jack Morgan (argued), San Francisco, Cal., for appellant.

Robert R. Granucci (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., State of California, San Francisco, Cal., for appellees.

Before BARNES, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

In 1936 petitioner was convicted on his plea of guilty to a charge of first-degree murder in the Superior Court of San Mateo County, California, and sentenced to life imprisonment.

He instituted this habeas corpus proceeding in 1967 challenging his conviction on constitutional grounds. The dis-

trict court issued an order to show cause. In responding, the State conceded that several of petitioner's allegations "would ordinarily warrant * * * an evidentiary hearing"; but asserted that such a hearing was unnecessary because petitioner had deliberately bypassed available state procedure for the vindication of his federal claims; and because petitioner's factual allegations had been determined against him in written findings entered in a state court proceeding which were presumed to be correct under 28 U.S.C. § 2254(d). The district court denied the petition on the latter ground.

■ Petitioner argues that the district court's reliance upon the state court findings cannot be sustained because the district court did not have before it the transcript of the state evidentiary hearing upon which these findings were based. We agree. Cases which have considered section 2254(d) have uniformly held that a federal district court may rely upon state court findings only after making an independent review of the record of the state hearing. United States ex rel. Worlow v. Pate, 411 F.2d 972, 974 (7th Cir. 1969); United States ex rel. Thomas v. Maroney, 406 F.2d 992 (3d Cir. 1969); Jackson v. Nelson, 404 F.2d 1138, 1140–1141 (9th Cir. 1968); Maes v. Patterson, 401 F.2d 200 (10th Cir. 1968); Brown v. Crouse, 399 F.2d 311 (10th Cir. 1968). *See also* Canales v. Baker, 406 F.2d 685, 686–687 (10th Cir. 1969). The same result is reached without specific reference to section 2254(d) in Piche v. Rhay, 422 F.2d 1309 (9th Cir. 1970); Connor v. Wingo, 409 F.2d 21 (6th Cir. 1969); and Dentis v. Oklahoma, 376 F.2d 590 (10th Cir. 1967).

Moreover, petitioner alleged that documents known to be "forged and fraudulent" were received in evidence in the state court proceeding; and that he had discovered substantial new evidence subsequent to the state court hearing. By the express terms of section 2254(d), the presumption of correctness of state court findings does not arise if the applicant establishes, among other things, that the state court hearing was not "full, fair, and adequate" or that "the material facts were not adequately developed in the State court hearing."

■ In light of the first limitation, the district court could not rely upon the state court findings without first disposing of petitioner's contention that the state court hearing was tainted by the knowing use of perjured testimony. Such a hearing could not be considered "full, fair, and adequate."

■ The district court must also consider petitioner's allegation of newly discovered evidence before relying upon the state court findings. Prior to the amendment of section 2254 in 1966, a state prisoner was entitled to an evidentiary hearing in the federal court upon "a substantial allegation of newly discovered evidence," Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), if the evidence "could not reasonably have been presented to the state trier of facts." *Id.* at 317, 83 S.Ct. at 759. The second limitation we have quoted from section 2254(d) is broad enough to encompass this principle, and the legislative history of the 1966 amendments at least suggests that Congress intended that it should. The Senate Report states that, despite the "successive petitions doctrine" of section 2244(b), "if on a subsequent application for habeas corpus relief a State court prisoner asserts that he has newly discovered evidence relating to an alleged denial of a Federal right, the [federal district] court would be obliged to entertain the writ provided it was satisfied that the prisoner had not deliberately withheld the newly asserted factual ground for relief in his earlier application, and had not otherwise abused the writ." Senate Report No. 1797, 1966 U.S.Code Cong. & Admin. News, p. 3664.

■ Respondent urges us to affirm on the alternate ground presented to the district court. But application of the "deliberate by-pass" doctrine requires

the resolution of factual issues, Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), which have not been determined by the district court, and which cannot be conclusively resolved on the record before us. *Cf.* Nelson v. California, 346 F.2d 73, 77–78 (9th Cir. 1965). Moreover, even if a factual basis for application of the doctrine were established, the decision to apply it rests in the sound discretion of the district court, Fay v. Noia, *supra*, 372 U.S. at 438, 83 S.Ct. 822, and the district court has not exercised its discretion here.

Reversed and remanded for further proceedings.