**UNITED STATES of America ex rel. Earl Thomas SADLER, Appellant,**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

No. 18497.

United States Court of Appeals, Third Circuit.

Argued Sept. 25, 1970.

Decided Nov. 19, 1970.

Donald E. Matusow, Philadelphia, Pa., for appellant.

James T. Owens, Asst. Dist. Atty., James D. Crawford, Deputy Dist. Atty. for Law, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., for appellee.

Before KALODNER, FREEDMAN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from the denial of a petition for a writ of habeas corpus after an evidentiary hearing.[1] Two issues are involved, both of which are affected by very recent decisions, and we therefore at bar allowed appellant's appointed counsel additional time in which to file a supplemental brief. The brief has now been received and the appeal accordingly is ripe for decision.

On petitioner's claim that he was denied adequate assistance of counsel, the district court followed our decision in United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3 Cir. 1968), and applied a presumption that the late appointment of petitioner's trial counsel established his prima facie case. It held, however, that the Commonwealth had met its burden and had overcome the presumption of prejudice. On petitioner's contention that his plea of guilty was not knowingly and intelligently entered, the district court applied the doctrine of United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3 Cir. 1968), and in the absence of a record showing the voluntariness of the pleas of guilty placed the burden of proving their validity on the Commonwealth. The district court found that the Commonwealth had carried its burden and held that petitioner's pleas of guilty were knowingly and intelligently entered.

Subsequent to the district court's decision in this case, we filed our opinion on September 24, 1970, in Moore v. United States, 432 F.2d 730 (3 Cir. 1970), in which we overruled the presumption doctrine of Mathis and placed the burden of proving inadequate assistance of counsel on the habeas corpus applicant. We also dealt with representation of indigent defendants by a defender organization and held that the timeliness of the appointment is to be measured by the institution's representation of the indigent rather than when it assigns its trial counsel. Here a member of the Voluntary Defender's Office of Philadelphia appeared for petitioner on the date of his arraignment, which was about two weeks prior to his pleas of guilty.

The evidence was sufficient to overcome the burden which the district court cast on the Commonwealth to show adequate representation by applying the Mathis presumption of prejudice. As we have now declared in Moore, no such

---

1. United States of America ex rel. Sadler v. Commonwealth of Pennsylvania, 306 F.Supp. 102 (D.C.1969).

presumption comes into operation and *a fortiori* petitioner's claim must fail.

 Similarly, as to the validity of petitioner's pleas of guilty, since the district court's decision we held in United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3 Cir. 1970), following the decision in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), that a plea of guilty entered with the advice of counsel is presumptively valid and the burden is on the habeas corpus applicant to show that the plea was not knowingly and voluntarily made. The pleas of guilty in this case were entered in 1961, prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires the record to disclose that a plea of guilty was knowingly and voluntarily made and establishes a prophylactic per se rule invalidating the plea if the record is silent. Under our decisions *Boykin* is prospective only,[2] and hence is inapplicable to this case. Since the evidence was adequate to support the conclusion of the district court that the Commonwealth overcame the presumption against it, *a fortiori* it is sufficient under *McMann* and *Grays*.

The order of the district court will be affirmed.

2. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3 Cir. 1969); United States ex rel. Fear v. Pennsylvania, 423 F.2d 55 (3 Cir. 1970); United States ex rel. Wiggins v. Pennsylvania, 430 F.2d 650 (3 Cir. 1970).