**UNITED STATES of America ex rel. Lloyd Grover BLACK, H–1955, Appellant,**

v.

**H. E. RUSSELL, Superintendent.**

**No. 18487.**

United States Court of Appeals, Third Circuit.

Submitted Oct. 20, 1970.

Decided Dec. 11, 1970.

George D. Bruch, Villanova, Pa., for appellant.

Edward G. Rendell, Asst. Dist. Atty., James D. Crawford, Deputy Dist. Atty. for Law, Philadelphia, Pa. (Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before MURRAH,* FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge:

The district court held an evidentiary hearing at which petitioner was repre-

---

* Senior Circuit Judge of the Court of Appeals for the Tenth Circuit, sitting by designation.

sented by counsel and denied his petition for a writ of habeas corpus attacking his conviction and sentence to imprisonment for second degree murder entered after a plea of guilty.

Two issues are raised by the appeal. One is that petitioner's plea of guilty to murder was not knowingly and intelligently entered. The other is that he was deprived of his right of appeal by the default of his counsel.

■■■ 1. The district court analyzed the case on the basis of the factors discussed in United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3 Cir. 1968), and found as a fact that petitioner entered his guilty plea voluntarily, intelligently and knowingly. We cannot say that the findings of the district court are erroneous. Moreover, its decision was made before the Supreme Court's decisions in McMann v. Richardson,[1] Brady v. United States[2] and Parker v. North Carolina,[3] and before our decision in United States ex rel. Grays v. Rundle,[4] following them. It is clear from these cases that even on a silent record, if a petitioner was represented by counsel when he entered his plea of guilty, as is the case here, the presumption is that the plea was the voluntary product of an intelligent and knowing act. Accordingly, the first ground assigned on appeal must fall because the record sustains the findings of the district court and the subsequent decisions we have referred to rule *a fortiori* against the claim.

■■ 2. If we assume *arguendo* the truth of petitioner's allegations that his counsel failed to advise him of his right to appeal and that he himself had no knowledge of this right, his contention would still lack acceptance because there is no showing of prejudice.

If petitioner had taken a direct appeal from his conviction the only contentions reviewable after his plea of guilty would have been those which went to the validity of his plea and the lawfulness of the sentence. See Commonwealth v. Walters, 431 Pa. 74, 244 A.2d 757 (1968). Under Pennsylvania practice these are contentions which a petitioner may raise in a petition filed under the Post Conviction Hearing Act.[5] Indeed, petitioner raised these two claims in a petition filed in 1967 under the Post Conviction Hearing Act but took no appeal from the denial of his petition.

On a subsequent petition in 1968 alleging other grounds, the state court judge expressly granted petitioner the right to appeal *nunc pro tunc* the denial of the first petition and specifically informed him that he had a right to appeal the denial of both petitions. Although petitioner appealed the denial of the second petition, which was affirmed by the Pennsylvania Supreme Court in Commonwealth v. Black, 433 Pa. 150, 249 A.2d 561 (1969), he never exercised his right to appeal *nunc pro tunc* the denial of the first petition which raised the very contentions he is asserting here.

It is clear therefore that the right to appeal *nunc pro tunc* from the denial of the first petition for post conviction relief afforded petitioner the opportunity to raise on appeal both contentions which he would have been able to make under Pennsylvania law on direct review of his conviction of murder in the second degree following his plea of guilty. In fact, therefore, he was later granted a complete substitute for the right of direct review[6] which he claims had earlier

---

1. 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

2. 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

3. 397 U.S. 790, 792, 90 S.Ct. 1458, 25 L. Ed.2d 785 (1970).

4. 428 F.2d 1401 (3 Cir. 1970).

5. Act of January 25, 1966, P.L. (1965) 1580, 19 Purdon's Pa.Stat.Annot. § 1180–1 et seq.

6. We pointed this principle out in United States ex rel. Walters v. Rundle, 424 F. 2d 488 (3 Cir. 1970), where we said:
   "The Pennsylvania Supreme Court has held that, except where there is

**548**

been denied him. One may not complain of the deprivation of a right of appeal if the original deprivation has been fully redressed.

The judgment of the district court, therefore, will be affirmed.

a conviction for first-degree murder, Post-Conviction Hearing Act relief is an adequate substitute for direct review where a plea of guilty to murder generally is entered. See, e. g., Commonwealth v. Walters, 431 Pa. 74, 76 & n. 1, 244 A.2d 757, 759 & n. 1 (1968). Our court has held that the relief af-

forded under the Pennsylvania Post-Conviction Hearing Act cures the constitutional deficiency of a denial of a direct appeal from a conviction for second-degree murder. See, e. g., United States of America ex rel. Madison v. Rundle, 422 F.2d 49 (3 Cir. 1970)."