Lloyd LANCASTER, Jr., Petitioner-
Appellant,

v.

Carl HOCKER, Warden, Nevada State
Prison, Respondent-Appellee.

No. 26363.

United States Court of Appeals,
Ninth Circuit.

Oct. 4, 1971.

Lloyd Lancaster, Jr., in pro. per.

Harvey Dickerson, Nevada Atty. Gen.,
Carson City, Nev., for appellee.

Before MERRILL and ELY, Circuit
Judges, and JAMESON, District Judge.*

PER CURIAM:

In denying a petition for writ of ha-
beas corpus by a state court prisoner,
the district court relied upon detailed
findings made by a state court of com-
petent jurisdiction after a hearing on
the merits, together with excerpts from
a transcript of the state court proceed-
ings contained in petitioner's briefs, and
a transcript of the arraignment proceed-
ings at the trial. The entire transcript
of the state court habeas corpus proceed-
ings, however, was not produced by ei-
ther party[1].

On the basis of Selz v. State of Cali-
fornia, 9 Cir. 1970, 423 F.2d 702, and
cases therein cited, we feel compelled to
remand for an independent review of the
entire transcript of the state evidentiary
hearing.

Reversed and remanded for further
proceedings.

---

* Honorable William J. Jameson, Senior
United States District Judge for the Dis-
trict of Montana, sitting by designation.

1. In denying the petition for a rehearing
the district court said that, "The denial of
the writ was based on the failure of
Petitioner to allege with particularity in
what manner the state post-conviction

hearing and findings consequent thereto
were inadequate" and that it was "appar-
ent that petitioner has a transcript of the
state hearing but has failed to produce it
as required by 28 U.S.C. § 2254(e) even
after being given an opportunity to do so."
There was no order, however, requiring
production of the transcript.