**Edward Lewis ROBINSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 71–1094.

United States Court of Appeals,
Eighth Circuit.

Oct. 7, 1971.

Robert G. Duncan, Kansas City, Mo., on brief for appellant.

Bert C. Hurn, U. S. Atty., and Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before VOGEL, GIBSON and LAY, Circuit Judges.

PER CURIAM.

Defendant appeals denial of his § 2255 petition. He sought post-conviction relief in the district court on the ground that his conviction for concealing a sto-

---

len vehicle under 18 U.S.C. § 2313 was caused by the denial of effective assistance of counsel. His original conviction was affirmed by this court. 419 F.2d 1109 (8 Cir. 1969). Petitioner's claim is premised on the ground that his counsel wrongfully recommended that he not take the stand to testify on his own behalf and that further his counsel refused to cause compulsory process to issue at his trial for two absent witnesses. After holding a hearing the district court found that counsel's representation was effective and that the defendant himself had voluntarily declined to testify at trial. The record further demonstrates that the petitioner's trial counsel, an experienced lawyer in handling criminal cases, interviewed one of the witnesses who stated he could not help petitioner and otherwise did not want to testify.[1] Neither counsel nor the defendant knew how to locate the other witness. We affirm the denial of the petition for post-conviction relief.

Hindsight can always be utilized by those not in the fray so as to cast doubt on trial tactics a lawyer has used. Trial counsel's strategy will vary even among the most skilled lawyers. When that judgment exercised turns out to be wrong or even poorly advised, this fact alone cannot support a belated claim of ineffective counsel. Mitchell v. Stephens, 353 F.2d 129, 145 (8 Cir. 1965), cert. denied 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966); Taylor v. United States, 332 F.2d 918, 922 (8 Cir. 1964); Kilgore v. United States, 323 F. 2d 369, 372–373 (8 Cir. 1963), cert. denied 376 U.S. 922, 84 S.Ct. 681, 11 L. Ed.2d 617 (1964); Holt v. United States, 303 F.2d 791, 795 (8 Cir. 1962). In order to assert a Sixth Amendment infirmity on this ground, the circumstances must demonstrate that which amounts to a lawyer's deliberate abdication of this ethical duty to his client. There must be such conscious conduct as to render pretextual an attorney's legal obligation to fairly represent the defendant.[2] Cf. Williams v. United States, 402 F.2d 548, 552 (8 Cir. 1968); Dillane v. United States, 121 U.S.App. D.C. 354, 350 F.2d 732 (D.C.Cir. 1965); Lyles v. United States, 346 F.2d 789 (5 Cir. 1965), cert. denied 385 U.S. 952, 87 S.Ct. 331, 17 L.Ed.2d 229 (1966); Thomas v. Cunningham, 335 F.2d 67 (4 Cir. 1964); Grandsinger v. Bovey, 153 F.Supp. 201, 234 (D.Neb.1957). The factual circumstances existing here fall short of raising such a claim. Cf. United States v. Cotton, 446 F.2d 865 (8 Cir. 1971).

Judgment affirmed.

1. The trial court significantly found that petitioner retained his trial counsel to prosecute his appeal.

2. Although waiver was not the basis of the court's decision below, apropos to the facts here is the Supreme Court's observation in Henry v. Mississippi, 379 U.S. 443, 451–452, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965):

"If [a strategic reason] motivated the action of petitioner's counsel, and their plans backfired, counsel's deliberate choice of the strategy would amount to a waiver binding on petitioner and would preclude him from a decision on the merits of his federal claim either in the state courts or here. Although trial strategy adopted by counsel without prior consultation with an accused will not, where the circumstances are exceptional, preclude the accused from asserting constitutional claims, see Whitus v. Balkcom, 333 F.2d 496 (C.A.5th Cir. 1964), we think that the deliberate bypassing by counsel of the contemporaneous-objection rule as a part of trial strategy would have that effect in this case."