**James E. REDUS, Appellant,**

v.

**Harold R. SWENSON, Appellee.**

**No. 72-1215.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1972.

Decided Oct. 4, 1972.

Stanley T. Bjurstrom, St. Louis, Mo., for appellant.

Kenneth Romines, Asst. Atty. Gen., John C. Danforth, Atty. Gen., Jefferson City, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH,* District Judge.

PER CURIAM.

This is an appeal from a denial of habeas corpus by Judge William H. Webster, District Judge for the Eastern District of Missouri. Petitioner, Redus, is presently serving a 20 year sentence after pleading guilty to second degree murder in the Circuit Court of the City St. Louis on November 3, 1966. On March 17, 1970, petitioner moved to have the judgment and sentence vacated in the Circuit Court of St. Louis alleging his constitutional rights had been infringed setting forth that:

(1) Involuntary statements were extracted from him during questioning;

(2) Ineffective assistance of counsel;

(3) His plea of guilty was involuntary since it was the product of a coerced confession.

The trial court denied petitioner's requested relief, and the Missouri Supreme Court affirmed the denial. Redus v. State (Mo.1971), 470 S.W.2d 539.

Subsequently, petitioner filed a petition for writ of habeas corpus in Federal District Court which was denied by

* Sitting by designation.

Judge Webster under date of February 29, 1972, 339 F.Supp. 571. Petitioner then sought a certificate of probable cause which the District Court denied on March 15, 1972. On April 14, 1972, we granted petitioner's application for a certificate of probable cause.

 The question dispositive of this appeal is whether the record demonstrates that petitioner understandingly and voluntarily entered his plea of guilty to second degree murder on the competent advice of counsel. Even if it were assumed that petitioner's plea was brought about by a prior coerced confession, such a plea would not be rendered invalid per se so long as when entering the guilty plea, petitioner received competent advice from counsel. McMann v. Richardson (1970), 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763. Here, petitioner's attorneys both sought suppression of the allegedly incriminating statements said to have been recorded by the Circuit Attorney's office. In view of the motion's denial and for fear that a plea of not guilty might result in the death penalty, petitioner, upon counsel's advice, plead guilty to 2nd degree murder—a reaction not uncommon to one harboring suspicion of the unforeseeable outcome of a trial for 1st degree murder.

As we stated in Robinson v. United States (8th Cir. 1971), 448 F.2d 1255, 1256, in order for a Sixth Amendment assertion of denial of effective assistance of counsel to lie, the attendant circumstances must be such that counsel must demonstrate a "deliberate abdication of [his] ethical duty to his client." There must be "such conscious conduct as to render pretextual an attorney's legal obligation to fairly represent the defendant." The mere assertion by petitioner that he retrospectively considers counsel's advice to have been ungainly does little more than tilt at windmills. See McMann v. Richardson, *supra*, 397 U.S. at 771, 90 S.Ct. 1441, 25 L.Ed.2d 763. Furthermore, that a guilty plea must be intelligently made does not contemplate that all advice offered by counsel withstand the scrutiny of hindsight in a postconviction proceeding. Although the Constitution guarantees the right to competent counsel, we cannot expect counsel to be omniscient or clairvoyant. In view of the attendant circumstances and with particular emphasis placed upon the uncertainty which faced petitioner had he pleaded not guilty, we cannot label the advice rendered by counsel as incompetent.

We agree with the District Court's conclusion that the record demonstrates that petitioner understandingly and voluntarily entered his plea of guilty to the charge of 2nd degree murder upon advice of competent counsel.

It is also our view that the District Court proceeded properly in denying the writ without an evidentiary hearing. The transcript of the post-conviction evidentiary hearing indicates that petitioner was granted a full and fair evidentiary hearing at which petitioner was represented by appointed counsel. The findings of fact and conclusions of law filed by the State Trial Judge denying a writ and resolving the factual issues involved are amply supported by the record. Parrott v. Brewer, 421 F.2d 1386 (C.A.8, 1970).

Affirmed.