**Guy F. BROWN, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, et al., Appellees.**

No. 73–1530.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1973.

Decided Nov. 30, 1973.

Rehearing Denied Dec. 21, 1973.

sanity. See, United States v. Pickett, 152 U.S.App.D.C. 346, 470 F.2d 1255, 1258 (1972).

17. 407 F.2d 909, 911 (5th Cir. 1969).

Guy F. Brown, pro se.

John C. Danforth, Atty. Gen., and Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, Mo., filed typewritten brief, for appellees.

Before VOGEL, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

This appeal is from an order entered by The Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri, in which the Court dismissed a petition for writ of habeas corpus sought under 28 U.S.C. § 2254.

On September 5, 1963, in the Circuit Court of Jackson County, Missouri, the appellant was charged by indictment with one count of forceable rape and three counts of assault with intent to rape. Thereafter, the three indictments charging assault with intent to rape were quashed and three informations were substituted which charged the appellant with assault with intent to rape with malice. On January 31, 1964, appellant entered guilty pleas in all four proceedings and was sentenced to terms of 25 years' imprisonment in each case, the sentences to run concurrently. No appeal followed, but on July 5, 1967, appellant initiated in the Circuit Court of Jackson County a motion to vacate judgment and sentence under Missouri Supreme Court Rule 27.26, V.A.M.R. On September 18, 1967, the Circuit Court denied the motion without a hearing. No appeal was taken. On February 20, 1970, however, appellant filed a second motion pursuant to Rule 27.26 in the Circuit Court of Jackson County. On October 2, 1970, an evidentiary hearing was held on the appellant's second motion. At the hearing appellant was present in person and was represented by his third attorney, Darragh K. Kasakoff of the Legal Aid and Defender Society of Greater Kansas City.

In his motion, the appellant made the following allegations: (1) The charges of assault with intent to rape with malice were null and void because of failure to comply with statutory requirements; (2) the assistance of counsel, Leona Pouncey Thurman, was ineffective; and (3) the guilty plea entered by appellant was defective because the trial court did not make a determination that at the time it was entered the plea was made voluntarily and with an understanding of the nature of the charge.

Leona Pouncey Thurman, appellant's counsel employed at the time of his conviction by guilty plea, appeared as the first witness. A summary of her testi-

mony reveals the following: Prior to November 24, 1963, she received a letter from the appellant seeking to employ her for legal assistance. She also received letters from appellant's sisters, Mrs. Robert Starnes and Ms. Rhoda Jane Brown, asking her to represent the appellant. After receiving these letters she conducted an initial investigation which included a talk with appellant's wife and a personal call on the appellant at the county jail. Between the dates of January 6, 1964 and January 31, 1964, she saw appellant on several occasions and discussed with him the possibility of having an examination by a psychiatrist. Prior to her attendance in court with appellant on the 31st of January, she had discussed the range of sentences he could expect based upon her personal knowledge of six prior convictions he had sustained, ranging from rape to indecent exposure. Mrs. Thurman stated that her initial investigation led her to believe that the appellant might have been mentally deranged but that after talking to the various individuals, she concluded that appellant was not mentally deranged and accepted his case with such a belief. She made telephone calls to check the dates of the incidents with the people involved in the charges and personally talked with a 16-year-old victim for an hour in the prosecuting attorney's office. She also indicated that she had discussed with the appellant the possibility of taking depositions but concluded that the appellant preferred not to reopen it with the victims. She stated that the appellant admitted to her the dates, times, places and victims of the incidents and that the appellant gave her some details of the events of the assaults. Mrs. Thurman testified, " * * * I do want the record to reflect that at no time did he deny that he did not participate in these offenses." Brown v. State of Missouri (Circuit Court of Jackson County, Missouri, No. 734,159, December 23, 1970.)

At this point in her investigation Mrs. Thurman indicated that she was inclined to have appellant re-examined and sug-

gested this possibility to the appellant's relatives. After reviewing the reports filed in the prosecuting attorney's office relating to prior psychiatric examinations, she concluded that a re-examination would not be any more favorable to appellant than the reports that she had reviewed. She stated that she was aware of the fact that appellant could have had a psychiatric examination conducted without any expense to himself, and stated, " * * * * I was proceeding in that direction until I read these other findings which came after the charges as serious as the one he is under * * * and that is why I concluded that a re-examination would probably not be favorable." Brown v. State of Missouri, *supra*.

In her testimony, Mrs. Thurman stated that her immediate idea of a defense was on a basis of a mental disturbance or of not being capable at the time of the charged offense. Her testimony reflects, however, that the appellant was alert and clear in helping her to work out what he thought was a good defense and that he was not in such state of mind as to be incapable. The following colloquy occurred between Mrs. Thurman and appellant's counsel during the evidentiary hearing:

Q. Do you feel on the basis of your personal observation of him that he needed—or he was perhaps in such a state of mind that perhaps he was incapable?

A. No, he was alert and clear in helping me to work out what he thought was a good defense, and he didn't want it to be on the basis of insanity.

Q. You are saying he did not violently object to your not making such a motion before the court?

A. I am saying that he objected to my going forward with that suggestion.

Q. Just the contrary?

A. Yes, And subsequent letters from him indicated to me that he was glad that I followed the procedure

that we did. [Brown v. State of Missouri, *supra.*]

She further indicated that at the time Mr. Brown entered the plea of guilty it was her understanding that a recommendation would be made by the state that 25 years be set as a maximum. She testified that there never was any statement made by her to Mr. Brown, or statement from the state to her that a recommendation of 15 years would in fact be the recommendation that the state would make.

Upon examination by the court, Mrs. Thurman testified as follows:

Q. But did he thoroughly understand the nature of his plea?

A. I am certain that he did.

Q. You explained that to him?

A. I explained it to him thoroughly, and he and I discussed it back and forth. He felt that he was really, he would be fortunate if he received a sentence of 25 years. [Brown v. State of Missouri, *supra.*]

Appellant was then called as a witness in his own behalf. His testimony was in direct conflict to that of the prior witness. Appellant stated that he had never discussed with Mrs. Thurman the possibility or the issue of a mental examination. Appellant testified that Mrs. Thurman told him that the prosecuting attorney had recommended 45 years. He further stated that he at no time indicated to counsel that he was guilty of the charges and that he had no other reason for pleading guilty than the advice of his counsel.

On December 23, 1970, the Circuit Court of Jackson County, Missouri, entered findings of fact and conclusions of law holding that the sentences imposed upon the three pleas of guilty of assault were in excess of those allowed by law and that these sentences could not stand. The Court additionally held that the informations charging assault with intent to commit rape with malice did not follow the proper form under the Missouri statutes, were a nullity and had to be set aside. Brown v. State of Missouri, *su-pra.* However, the court further held that the indictment charging the appellant with rape complied with the Missouri statutes, that the punishment assessed was within the range specified by statute, that the appellant had enjoyed effective assistance of counsel during those proceedings, and that the plea of guilty was made knowingly and voluntarily. This decision was affirmed by the Supreme Court of Missouri in Brown v. State, 473 S.W.2d 683 (Mo. 1971).

The present case was commenced by the appellant when he filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri on March 2, 1972. It is from the District Court's order denying such petition that appellant now appeals. We affirm the order of the District Court.

■ Appellant contends initially upon this appeal that he was denied effective assistance of counsel by the failure of his counsel to investigate the circumstances surrounding the case and by the failure of his counsel to request a mental examination. As noted by the District Court, "[These contentions are] without merit as reliably found by the state trial court and affirmed by the Supreme Court of Missouri." Brown v. Swenson, Civ. No. 20063–3 (W.D.Mo., April 25, 1973). The record indicates that appellant's counsel, Mrs. Thurman, thoroughly investigated the facts and discussed them with the petitioner. He provided her with details regarding the assaults alleged in the informations and did not deny committing the acts. She also made telephone calls verifying dates and interviewed one of the victims. She examined the prosecuting attorney's file, including prior reports of psychiatric examinations of the appellant, and discussed with the prosecutor the maximum penalty which would be sought by the state. Mrs. Thurman discussed the appellant's competency with his sisters and with the appellant himself. She explained to the appellant his right to request a mental examination but he indi-

cated that he did not want to take it. The evidence adduced at the hearing indicated that the appellant was alert and clear in helping prepare a defense which he did not want to be based upon insanity. It is well established that in order to show a basis for relief on the ground of ineffective assistance of counsel the appellant must show actions of his lawyer which would constitute such conscious conduct as to render pretextual the attorney's legal obligation to fairly represent the appellant and circumstances which demonstrate that which amounts to a lawyer's deliberate abdication of his ethical duty to his client. Robinson v. United States, 448 F.2d 1255 (8th Cir. 1971).

> Habeas corpus relief on the ground of incompetency of counsel or denial of effective counsel will be granted "only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." Scalf v. Bennett, 408 F.2d 325, 327–328 (8th Cir. 1969).

See also, Cardarella v. United States, 375 F.2d 222 (8th Cir. 1967). The District Court reviewed the evidence and noted its authority to make independent findings of fact based on the records of the state proceedings. The District Court determined these facts against the appellant. On appeal, we must accept such findings unless they are clearly erroneous. Taylor v. Swenson, 458 F.2d 593 (8th Cir. 1972); Rule 52(a), Fed. R.Civ.P. From a complete examination of the record, we are forced to conclude that the factual determinations thereof are not clearly erroneous. In passing, we cannot help but comment, however, that counsel's allowing her client to plead guilty to three felony informations, determined some six years thereafter to be a "nullity", and allowing him to be sentenced to 25 years' confinement on each one of the informations, whereas even correctly drawn informations

carried a maximum sentence of only five years, hardly equates with the services of an able and diligent counsel acting with professional ability in the client's best interests. We nevertheless, because of other testimony in the record, and the fact that everyone, including the court and prosecuting attorney, was concentrating on the forceable rape count and the fact that all sentences were concurrent, must conclude that the holding of the District Court is not clearly erroneous and that the appellant's claim of ineffective assistance of counsel is without substantial merit. Robinson v. United States, 448 F.2d 1255 (8th Cir. 1971); Redus v. Swenson, 468 F.2d 606 (8th Cir. 1972).

 Appellant next contends that his plea of guilty was involuntary because the trial judge did not determine at the time appellant entered his plea of guilty that it was made voluntarily and with an understanding of the nature of the charge. Appellant urges that the absence of specific inquiries by the trial judge is sufficient to show that his plea was involuntary. Since this plea was entered in 1964, subsequent procedural requirements concerning inquiries into specific issues do not apply to this case. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). The determinative question in the present case is whether under the totality of the circumstances the petitioner's plea was entered knowingly and voluntarily. Meller v. Missouri, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971). The record of petitioner's plea of guilty and sentencing on January 31, 1964, indicates that petitioner knew the nature of the charges against him, was informed of the range of punishment and of his right to trial by a jury, and that the state recommended a sentence of 25 years' imprisonment when he admitted the facts establishing his guilt by

changing his plea from not guilty to guilty. The totality of the facts indicates that the appellant's plea of guilty was voluntary and intelligently made with the advice of counsel, and resulted from his knowledge of the strength of the state's case against him. Sappington v. United States, 468 F.2d 1378 (8th Cir. 1972), cert. denied, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); Kotz v. United States, 353 F.2d 312 (8th Cir. 1965). The findings of fact made on these issues by the District Court and the Missouri courts are supported by the evidence and are not clearly erroneous. Taylor v. Swenson, 458 F.2d 593 (8th Cir. 1972); Rule 52(a), Fed.R.Civ.P. Since the proper federal standards were applied to the findings of fact, the resulting conclusion that the appellant is not entitled to relief is proper. Meller v. Missouri, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S. Ct. 469, 27 L.Ed.2d 445 (1971).

Appellant also contends that the trial court was required to hold a hearing *sua sponte* on the issue of his competency to plead. The failure to do so, he contends, violated his federally protected rights as enunciated in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 5 L.Ed.2d 815 (1966). The District Court found that the appellant, in this respect, had failed to exhaust his state remedies, holding that:

> This ground for relief has not been properly presented to the state courts of Missouri under Rule 27.26. Petitioner failed to include this ground for relief in his state postconviction motion under Rule 27.26 and in his amendments thereto. As a result, no findings of fact on this issue were made by the Circuit Court of Jackson County. This contention was untimely presented for the first time in the state postconviction proceedings under Rule 27.26, in petitioner's brief on appeal to the Missouri Supreme Court in Brown v. State, supra. The Missouri Supreme Court appropriately declined to rule on this contention. [Brown v. Swenson, *supra*, at 10–11.]

Only when the Missouri Supreme Court has been given the opportunity to rule on the merits of petitioner's contentions can his state remedies be deemed exhausted for the purpose of federal habeas corpus jurisdiction. Section 2254, Title 28, United States Code; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963); Russell v. Swenson, 251 F.Supp. 196 (W.D.Mo.1966); Cox v. Nash, 226 F.Supp. 87 (W.D.Mo.1964).

We find nothing in appellant's 27.26 petition, or amendments thereto, which suggests that this contention was presented to the Circuit Court.

Appellant urges that this allegation was presented in his initial 27.26 petition in 1967, and therefore was properly before the Missouri Supreme Court on appeal. We disagree. Ten days after the order of the Circuit Court became final, the period of time allowed to file a notice of appeal under Missouri law expired. V.A.M.S. § 512.050. Since appellant failed to appeal this 1967 order, and did not raise this issue in his 1970 petition, we agree with the District Court that this contention was not properly before the Missouri Supreme Court.

Affirmed.