**Merle Ray WINFORD, Appellant,**

v.

**Harold R. SWENSON, Appellee.**

**No. 74–1165.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1975.

Decided June 4, 1975.

Rehearing and Rehearing En Banc
Denied July 10, 1975.

Lawrence R. Ehrhard, St. Louis, Mo., for appellant.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

In this appeal from the denial of habeas corpus relief below, Merle Ray Winford asserts that his 1964 guilty plea to a charge of second degree murder was neither voluntarily nor understandingly made and that in dismissing his habeas petition the District Court erred in not affording him a de novo evidentiary hearing. We reject both contentions and affirm the result below.

The record discloses the following facts and procedural history:

On September 20, 1964, Winford, who had been arrested on a check charge, signed a paper styled a confession wherein he admitted shooting a woman to death. On September 25, Winford was charged in the Circuit Court of St. Louis with first degree murder, an offense which carried a possible penalty of death. Five days later he entered a plea of not guilty. Following consultation with his attorney and the state's amendment of the charge to second degree murder, Winford withdrew his plea of not guilty and entered a guilty plea. The trial court, the late Judge Alvin McFarland, accepted the plea and sentenced Winford to life imprisonment.

Five years later, Winford sought post-conviction relief in state court pursuant to Missouri Supreme Court Rules 27.25 and 27.26, V.A.M.R. Following several pro se motions, including one alleging that Judge McFarland had failed to determine that his guilty plea had been voluntarily and knowingly entered, Winford filed through his attorney[1] a "Supplemental Motion to Set Aside Judgment of Conviction" on April 17, 1970. This motion listed six grounds for vacation of

---

1. Winford was then represented by Mr. Joseph Kortenhof.

his sentence: (1) the inadequate explanation to the defendant of the nature of the charge against him; (2) the defendant's ignorance of the consequences and legal significance of the guilty plea; (3) ineffective assistance of counsel; (4) failure of counsel to advise defendant that there was insufficient evidence to sustain a first or second degree murder charge; (5) the appointment of counsel so late as to preclude proper preparation of a defense; and (6) the misleading advice by counsel that an agreement had been reached for a ten-year sentence in return for a guilty plea.

At an evidentiary hearing on April 17, 1970, before St. Louis Circuit Judge McFarland, who had initially accepted the guilty plea, Winford testified, *inter alia*, that his plea had not been entered knowingly. He claimed that he learned of the legal significance of the guilty plea only after consultation with "jailhouse lawyers" with whom he had discussed his case in prison. Moreover, he denied committing the offense with which he had been charged.[2] His appointed counsel at the time of the plea testified for the state at the evidentiary hearing,[3] as did two assistant circuit attorneys, one of whom had been present at the plea proceedings and another who had taken the written statement from Winford. While reaching findings adverse to Winford on each of the six specific contentions submitted in his "Supplemental Motion,"[4] Judge McFarland sustained the motion to withdraw the plea on the ground that he had neither advised Winford of the specific constitu-

2. At the time of allocution, the prosecutor stated that Winford shot Bertha Lee White twice in the head on September 19, 1964, in Forest Park in St. Louis, following a lovers' quarrel. The body was found in the trunk of an automobile in Kennett, Missouri.

3. John D. Chancellor, Winford's appointed counsel at the time of the plea, testified at the hearing that he had talked with Winford about the case numerous times and that he knew of no alibi witness. He further testified that he had not promised Winford any specific term of years and that he had discussed with Winford the difference between first and second degree murder and the possible penalties therefor, as well as the plea recommendations of the circuit attorney. Chancellor also stated that he had discussed the confession with the circuit attorney and, while his investigation consisted solely of his conversations with Winford, he had arranged for a mental examination for him.

4. These findings were the following:

1. " * * * [T]he appointed counsel for petitioner fully explained to him the nature of the charge, the punishment prescribed by law, and the legal consequences of his having given a written confession as to his having committed the offense."

2. " * * * [T]he petitioner, although at the time of the sentencing was not questioned about the consequences of such a plea, knew full well the nature of the charge, the punishment prescribed by law, and that the offense of murder in the first degree was being reduced to murder in the second degree."

3. " * * * [N]ot only was effective assistance [of counsel] rendered to petitioner, but excellent service was given to him in persuading the State to reduce the charge from murder, first degree, to murder, second degree."

4. " * * * [T]he information or evidence given in the hearing with reference to physical punishment inflicted by the Police Department may have warranted such an attack upon the confession, but the Court finds beyond a reasonable doubt that no such information was furnished to petitioner's appointed counsel as to any 'third degree' or brutal punishment by members of the Police Department."

5. "[The contention] that the duly appointed counsel for petitioner was prevented from making an intelligent investigation and preparation for trial, is without merit."

6. "The only evidence to support Point 6, raised in petitioner's motion, is his testimony at the evidentiary hearing that he was misled in entering a plea of guilty to the charge of murder, second degree, on the assumption that he would receive a penalty of ten years. There is contradictory evidence from his appointed counsel to the effect that he advised petitioner that he would make an effort to have the murder, first degree, charge reduced to murder, second degree, and that the punishment for murder, second, was ten years minimum to life imprisonment in the State Penitentiary. Counsel for petitioner was successful in persuading the prosecuting officials to reduce the charge, but was unsuccessful in obtaining a recommendation of ten years. Therefore, this point is ruled against the petitioner because the Court is convinced that there is no doubt that the court-appointed attorney, John Chancellor, was telling the truth when he testified at the evidentiary hearing."

tional rights waived by the plea nor complied with Missouri Supreme Court Rule 25.04, V.A.M.R., at the time of allocution. That rule provides that the "court * * * shall not accept the [guilty] plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." [5]

On appeal by the state, a divided panel of Division 1 of the Missouri Supreme Court adopted the opinion of Judge Higgins, Commissioner in Division 1, affirming the grant of Winford's motions for post-conviction relief. The case was thereupon transferred to the court en banc, where a majority of four judges held that Missouri law does not require vacation of the sentence despite an insufficient record at the time the plea was accepted, where it is found that the guilty plea was in fact made voluntarily and with an understanding of the nature of the charge. While Judge McFarland's opinion granting Winford's motion "did not include the specific statement that defendant entered his plea voluntarily," the majority of the Missouri Supreme Court was of the "view * * * that such is the only reasonable conclusion that could be reached from the findings that were made." Winford v. State, 485 S.W.2d 43, 49 (Mo.1972) (en banc). Three judges dissented, rejecting the majority's inference of voluntariness from Judge McFarland's six specific factual findings adverse to Winford.

On September 17, 1973, Winford filed a pro se petition for federal habeas corpus relief, 28 U.S.C. § 2254, alleging that he had not entered his plea voluntarily and understandingly and that the trial court had failed to determine the voluntariness of his plea. Following the District Court's Intermediate Order to Show Cause and the State's Response thereto, the United States Magistrate concluded that the plea had been entered voluntarily and understandingly and recom-

mended dismissal of the habeas corpus petition without further hearing. Judge Wangelin entered an order to that effect, and Winford appealed, whereupon we issued a certificate of probable cause.

There is no dispute that Winford had exhausted his state remedies prior to his federal collateral attack on his conviction; we therefore proceed directly to the merits of the issues raised in this appeal.

I.

Winford first claims that he is entitled to a writ of habeas corpus because the state evidentiary hearing failed to establish that his guilty plea had been voluntarily and understandingly entered upon advice of the constitutional rights waived by a plea of guilty.

Because the plea in question here antedates the Supreme Court's decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), we test its constitutionality against whether it was voluntarily and understandingly given in light of the totality of the circumstances. Brown v. Swenson, 487 F.2d 1236 (8th Cir. 1973), cert. denied, 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974); Meller v. Missouri, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971). This pre-Boykin test does not require a record affirmatively showing that the trial judge gave the defendant specific procedural warnings before accepting the plea but only that the record contain facts demonstrating the voluntary and intelligent nature of the plea. Brown v. Swenson, supra. Indeed, the Supreme Court has made it clear that a counseled guilty plea made by a competent defendant aware of the nature of the charge against him and induced by his desire to limit the possible penalty will not be set aside simply because the defendant later learns of constitutional rights which he

---

5. After quoting Rule 25.04, Judge McFarland stated:

This the Court failed to do and, for this reason and this reason alone * * * [the guilty plea is] permitted to be withdrawn;

the judgment of conviction and sentence imposed thereafter is hereby set aside and for naught held.

Quoted in Winford v. State, 485 S.W.2d 43, 48 (Mo.1972) (en banc).

did not know at the time the plea was entered. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); cf. Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); Lefkowitz v. Newsome, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975). A guilty plea entered with the assistance of counsel is presumptively valid. United States ex rel. Black v. Russell, 435 F.2d 546 (3d Cir. 1970), cert. denied, 402 U.S. 947, 91 S.Ct. 1639, 29 L.Ed.2d 116 (1971); United States ex rel. Sadler v. Pennsylvania, 434 F.2d 997 (3d Cir. 1970); cf. Redus v. Swenson, 468 F.2d 606 (8th Cir. 1972), cert. denied, 411 U.S. 933, 93 S.Ct. 1906, 36 L.Ed.2d 393 (1973).

■ It is clear from the specific findings of the state court judge that Winford's plea was an effectively and accurately counseled plea made with full knowledge of the nature of the charge. *See* note 4 *supra*. These findings are entitled to a presumption of correctness with the burden on the habeas corpus petitioner to establish that such factual determinations were erroneous. 28 U.S.C. § 2254(d); LaVallee v. Delle Rose, 410 U.S. 690, 695, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973). That burden has not been met on the record in this case.

■ In light of the circumstances surrounding the plea,[6] as found by the state court, we conclude that the District Judge correctly dismissed the petition.[7]

## II.

■ Invoking the language of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), Winford contends that Judge Wangelin erred in denying him a de novo evidentiary hearing since the state court had not expressly resolved all issues of fact, *i. e.*, whether the plea was voluntary and understanding. It is true that *Townsend* requires a federal evidentiary hearing on a habeas corpus petition where the merits of the factual dispute have not been resolved in the state hearing. 372 U.S. at 313–14, 83 S.Ct. 745. This requirement is reflected in 28 U.S.C. § 2254(d). Nonetheless, *Townsend* expressly recognizes that the federal courts sitting in habeas corpus may, in the absence of clear expression by the state court, reconstruct implied findings of fact and interpolate the constitutional criteria applied. 372 U.S. at 314–15, 83 S.Ct. 745; Farmer v. Caldwell, 476 F.2d 22 (5th Cir.), cert. denied, 414 U.S. 868, 94 S.Ct. 178, 38 L.Ed.2d 117 (1973). This is precisely the analysis used by the Magistrate in recommending to Judge Wangelin that no further evidentiary hearing would be necessary.

---

6. Judge McFarland's failure to comply with Missouri Supreme Court Rule 25.04, V.A.M.R., which requires an express determination of voluntariness, is only one of the totality of circumstances we consider in this pre-*Boykin* context; it is not, standing alone, an error of constitutional dimension warranting federal habeas corpus relief.

7. A federal district court may not rely upon the findings of fact of a state court unless the federal court has examined the transcript of the proceedings before the state court to assure itself that those proceedings were fair. *See, e. g.*, Dyer v. Wilson, 446 F.2d 900 (9th Cir. 1971); Selz v. California, 423 F.2d 702 (9th Cir. 1970); United States ex rel. Worlow v. Pate, 411 F.2d 972 (7th Cir. 1969), after remand, 437 F.2d 909 (3d Cir.), cert. denied, 403 U.S. 921, 91 S.Ct. 2238, 29 L.Ed.2d 699 (1971); United States ex rel. Thomas v. Maro-

ney, 406 F.2d 992 (3d Cir. 1969); cf. In re Parker, 423 F.2d 1021, 1024 (8th Cir.), cert. denied, 398 U.S. 966, 90 S.Ct. 2182, 26 L.Ed.2d 551 (1970). While it does not explicitly include the state court record in the list of documents examined, Judge Wangelin's order of dismissal does acknowledge that he reviewed the state's Response to Winford's petition which expressly incorporated by reference and attached the state court record as an exhibit. Moreover, in subsequently declining to grant Winford a certificate of probable cause for his appeal in this court, Judge Wangelin noted that he had "re-examined" the record. The Magistrate's initial examination of the written record and his recommendations based thereon, "may well be likened to a law clerk's memorandum" which supplemented Judge Wangelin's own review of the record. *See* Keiper v. Cupp, 509 F.2d 238, 242 (9th Cir. 1975).

The appellant has demonstrated no defect of constitutional dimension in the state evidentiary hearing which would require the District Court to hold its own evidentiary hearing to expand the record, *see* Tyler v. Swenson, 427 F.2d 412 (8th Cir. 1970), nor has he specified what relevant evidence might have been offered at such a hearing, *cf.* Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971). We find no error here.

We thus reject Winford's specific contention that the state court record was inadequate because it did not contain an explicit determination that the plea was voluntary and understanding. As was observed in another context, such issues are not purely factual questions for conclusive state court determination but rather are in the nature of conclusions incorporating "criteria for judgment which in themselves are decisive of constitutional rights." Watts v. Indiana, 338 U.S. 49, 51, 69 S.Ct. 1347, 1348, 93 L.Ed. 1801 (1949) (opinion of Frankfurter, J.). *See also* Procunier v. Atchley, *supra.* As such, they are issues suitable for federal court resolution on the basis of the surrounding circumstances as found by the state court. Since the state court resolved all of Winford's specific factual allegations against him, *see* note 4 *supra,* further evidentiary proceedings are unnecessary.

Accordingly, the order of the District Court dismissing Winford's habeas corpus petition without a de novo evidentiary hearing is affirmed.

HEANEY, Circuit Judge (dissenting).

I respectfully dissent for the same reasons the three Missouri Supreme Court judges dissented in Winford v. State, 485 S.W.2d 43 (Mo.1972) (en banc). I am not convinced that this record contains facts demonstrating the voluntary and intelligent nature of the plea.