**William Ronald CONNER, Petitioner-Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Respondent-Appellee.**

**No. 19033.**

United States Court of Appeals
Sixth Circuit.

April 15, 1969.

Livingston Hall, Cambridge, Mass., for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by William Ronald Conner, petitioner-appellant, from an order of the United States District Court for the Western District of Kentucky at Paducah, denying his petition for a writ of habeas corpus. Conner was convicted on a charge of armed robbery in the Calloway County, Kentucky Circuit Court and sentenced to life imprisonment.

After exhausting his remedies in the Kentucky courts he petitioned the Dis-

trict Court for a writ of habeas corpus. The district judge dismissed the petition without a hearing and the sole question before this Court is whether the district judge erred in not conducting a plenary hearing.

A judge of the Calloway Circuit Court did conduct an evidentiary hearing, at which appellant was present, on a motion of the appellant under Kentucky law to vacate the judgment of conviction. From this evidence the state trial judge made an extensive finding of facts and concluded as a matter of law that the appellant was not deprived of due process or any other constitutional right and that his conviction and life sentence were valid. These findings and conclusions, but without a transcript of the evidence upon which they were based, were before the district judge. The district judge said:

"All relevant facts are set forth in the two cited opinions of the Court of Appeals of Kentucky and in the detailed findings of fact and conclusions of law of the trial court where his post conviction hearing was conducted. If it is concluded that a state court granted a habeas corpus applicant a full hearing and reliably found the relevant facts, the federal court may defer to the state court's findings of fact. Townsend v. Sain, 372 U.S. 293 [83 S.Ct. 745, 9 L.Ed.2d 770]. It is clear from the state court record that he did receive a full and fair hearing and that the state court's determination of the factual dispute to which the petitioner objects is fairly supported by the record."

In Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 758, the Court said,

"Where the fundamental liberties of the person are claimed to have been infringed, we carefully scrutinize the state-court record. (Citation omitted). The duty of the Federal District Court on habeas is no less exacting.

\* \* \* \* \* \*

"\* \* \* Even if all the relevant facts were presented in the state-court hearing, it may be that the fact-find-

ing procedure there employed was not adequate for reaching reasonably correct results. \* \* \* Even where the procedure employed does not violate the Constitution, if it appears to be seriously inadequate for the ascertainment of the truth, it is the federal judge's duty to disregard the state findings and take evidence anew."

\* \* \* \* \* \*

Page 318, 83 S.Ct. at page 760

"\* \* \* If he concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing."

The question naturally arises how will the district judge know that the fact finding procedure employed by the state court was adequate for reaching reasonably correct results or that the applicant was afforded a full and fair hearing by such court resulting in reliable findings if he doesn't have before him a transcript of the evidence upon which the state trial judge made his findings? We assume that when the Court talks about the "state court record" it includes the testimony taken at the hearing before the state court trial judge.

The Court does not leave this matter in doubt for at page 319, 83 S.Ct. at page 760 it says:

"Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensible to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings."

The Court also says that the district judge has the power to compel the production of the complete state-court record.

In view of the holdings of Townsend v. Sain we remand the case to the District Court with instructions to the district judge to require counsel for the

respondent-appellee to produce and file with the court a transcript of the evidence and procedure at the hearing before the state court judge together with any other pertinent parts of the record in the state court. The district judge will then reconsider his decision dismissing the appellant's petition in the light of those records. In the alternative to requiring the records to be produced the district judge will hold a hearing.