William Curtis HUTCHINSON, Appellant,

v.

Walter S. CRAVEN, Warden, Appellee.

No. 23224.

United States Court of Appeals
Ninth Circuit.

Aug. 14, 1969.

* Of the Eastern District of New York, sitting by designation.

Alfred C. Cavagnaro (argued), San Francisco, Cal., for appellant.

Rose-Marie Gruenwald (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Los Angeles, Cal., for appellee.

Before HAMLEY, ELY and CARTER, Circuit Judges.

PER CURIAM:

William Curtis Hutchinson, in California penal custody under a 1964 conviction for first-degree murder, applied to the district court for a writ of habeas corpus. The sole ground for relief urged in his application was that his plea of guilty was not voluntary but was coerced. Hutchinson has exhausted his state court remedies with respect to this issue, having raised it on his state appeal and in five state habeas applications.

The district court denied the application on the grounds that: (a) in a prior district court habeas proceeding, involving the same issue, another district court judge had, pursuant to 28 U.S.C. § 2254 (d), properly presumed to be correct the unequivocal determination of the California Court of Appeal, that Hutchinson's plea of guilty had been voluntarily entered with full knowledge of his legal rights, and (b) Hutchinson had presented no new factual or other ground not adjudicated in the earlier federal habeas proceeding, citing 28 U.S.C. § 2244(b). This appeal followed.

We hold that the application should not have been denied on the grounds relied upon by the district court.

■ The court in the prior federal habeas proceeding was not entitled, under section 2254(d), to presume that the described determination made by the California Court of Appeal was correct. That state determination was not based upon a hearing on the merits of the factual issue, an express condition precedent to the utilization of the presumption referred to in section 2254(d). It follows that, in the present proceeding, the district court could not give weight to the fact that such a presumption was applied (erroneously) in the earlier federal proceeding.

■ Nor was the district court in the proceeding now before us entitled, on the basis of section 2244(b), to refrain from entertaining the instant application because of the prior district court denial of a similar habeas application. It is true that the prior proceeding involved the same material issue of fact which is now before us. However, the order of denial therein was not made after an evidentiary hearing on that issue. Section 2244(b) provides that a district court may not decline to entertain a habeas application on the ground that a similar application was denied in a prior proceeding except where, in the prior proceeding, there was "an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law * * *."

■ Without placing our imprimatur upon the sufficiency of any particular factual allegation contained in Hutchinson's habeas application now before us, we think that, considered as a whole, his allegations concerning psychological coercion and false advice were sufficient to entitle him to an evidentiary hearing. The cause will therefore be remanded so that such a hearing may be held.

■ In this court, Hutchinson argues, for the first time, that he is entitled to habeas relief because he was denied the right to counsel in his direct state appeal from the judgment of conviction. This denial of counsel, he asserts, is evidenced by the fact that his appointed counsel on the direct state appeal filed with the state court a report stating that he had reviewed the record and found no meritorious ground for the appeal. In fact, Hutchinson asserts, appointed counsel filed in the state court a brief with points and authorities supporting his belief that the conviction should be affirmed.

Hutchinson not only failed to present this issue in the district court, but also failed to exhaust his state remedies since he did not raise the issue in any state court. See 28 U.S.C. § 2254(b). Accordingly we decline to consider the point on this appeal. Moreover, because of the failure to exhaust state remedies, the district court is not required to consider the point upon the remand herein.

■ It is appropriate to observe, however, that this denial of counsel argument is substantial and, if supported by the facts as they may be developed in a subsequent state or federal proceeding, may ultimately entitle Hutchinson to habeas relief, whether or not he is entitled to relief on the coercion issue. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Harders v. California, 9 Cir., 373 F.2d 839.

Accordingly, the district court may, in its discretion, upon the remand of this cause hold the proceeding in abeyance to permit Hutchinson a reasonable opportunity to exhaust his state court remedies concerning the denial of counsel issue. Should the district court adopt this course, it may be that Hutchinson will obtain adequate relief in the state courts, in which event this federal proceeding can be dismissed as moot. On the other hand, if Hutchinson does not obtain such relief in the state courts, he could then, with leave of the district court, amend his pending federal habeas application to present that additional issue, thus enabling the district court to dispose of both issues at one hearing.

The order is reversed and the cause is remanded for further proceedings consistent with this opinion.