Sidney JENKINS, Petitioner-Appellant,

v.

George A. KROPP, Warden, State Prison of Southern Michigan, Respondent-Appellee.

No. 19452.

United States Court of Appeals, Sixth Circuit.

April 15, 1970.

Edwards, Circuit Judge, dissented.

James K. Nelson (Court Appointed), Cincinnati, Ohio, for appellant.

Lawrence M. Glazer, Lansing, Mich., Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Atty. Gen., Lansing, Mich., on the brief, for appellee.

Before EDWARDS, McCREE and COMBS, Circuit Judges.

PER CURIAM.

We consider an appeal from an order dismissing a petition for a writ of habeas corpus which alleged unlawful detention pursuant to conviction of murder and armed robbery in the Genesee County, Michigan Circuit Court. Petitioner-appellant is serving concurrent sentences of life and 35 to 50 years.

The District Judge considered only the allegation of denial of a fair trial because of prejudicial news media publicity because he found that petitioner had not exhausted state remedies still available to correct the other claimed constitutional deprivations. We agree that the issue of claimed prejudicial publicity was the sole issue properly presented by the petition.

This contention was made in petitioner-appellant's direct appeal and was rejected by the Michigan Court of Appeals. People v. Jenkins, 10 Mich.App. 257, 159 N.W.2d 225 (1968). The District Court did not conduct an evidentiary hearing, but instead adopted the findings of the Michigan Court of Appeals that the contentions of prejudicial news media publicity were without merit.

However, the District Court did not examine the trial transcript (which we are advised is available) upon which the state court based its findings and conclusions.

In an appeal in which the findings of a state court based on a post-conviction evidentiary hearing were adopted by a district judge without an examination of a transcript of the hearing, this court quoted the following language from Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963):

"Where the fundamental liberties of the person are claimed to have been infringed, we carefully scrutinize the state-court record. (Citation omitted). The duty of the Federal District Court on habeas is no less exacting.

\* \* \* \* \* \*

" \* \* \* Even if all the relevant facts were presented in the state-court hearing, it may be that the fact-finding procedure there employed was not adequate for reaching reasonably correct results. \* \* \* Even where the procedure employed does not violate the Constitution, if it appears to be seriously inadequate for the ascertainment of the truth, it is the federal judge's duty to disregard the state findings and take evidence anew."

\* \* \* \* \* \*

Page 318, 83 S.Ct. at page 760

" \* \* \* If he concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing."

The question naturally arises how will the district judge know that the fact finding procedure employed by the state court was adequate for reaching reasonably correct results or that the applicant was afforded a full and fair hearing by such court resulting in reliable findings if he doesn't have before him a transcript of the evidence upon which the state trial judge made his findings? We assume that when the Court talks about the "state court record" it includes the testimony tak-

en at the hearing before the state court trial judge.

The Court does not leave this matter in doubt for at page 319, 83 S.Ct. at page 760 it says:

"Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensible to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings."

The Court also says that the district judge has the power to compel the production of the complete state-court record. Conner v. Wingo, 409 F.2d 21 (6th Cir. 1969).

Accordingly, we remanded the case to the district court with instructions to reconsider its action in the light of the state court record upon which the findings were based, or, in the alternative, to conduct an evidentiary hearing. Accord, Dentis v. State of Oklahoma, 376 F.2d 590 (10th Cir. 1967).

Nevertheless, the District Court, in the order we review here, also stated, "That on the face of the pleadings there has been no denial of any of petitioner's constitutional rights either in the jury trial resulting in his present confinement or in the process of review of this conviction in the state court". This language could be interpreted to mean that the petitioner did not allege a cause of action.

■■■ We hold, however, that his allegations if true, might afford a basis for relief on the authority of Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963), and Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), because the impact of prejudicial news media publicity on the fairness of a trial can be determined only from an examination of the circumstances surrounding a given case. We also observe that in an evidentiary hearing, Jenkins may proffer proof of prejudicial publicity not known to him at the time of trial and hence not contained in the trial transcript and therefore not considered by the state appellate court.

■ Accordingly, we reverse and remand the case to the District Court to determine whether an evidentiary hearing is required to consider evidence dehors the trial transcript and, if not, to determine whether the findings of the Michigan Court of Appeals have substantial evidentiary support in the transcript.

We express our appreciation to James K. Nelson, Esq. of the Cincinnati, Ohio bar for accepting our appointment to represent petitioner-appellant in this appeal.

Reversed and remanded.

EDWARDS, Circuit Judge (dissenting).

Appellant appeals from an order dated January 20, 1969, filed by a United States District Judge for the Eastern District of Michigan, Southern Division, which without evidentiary hearing denied his petition for writ of habeas corpus.

The District Judge cited appellant's failure to exhaust his state remedies in justifying denial as to all issues except one.

Dealing with appellant's claim of Fourteenth Amendment deprivation because of claimed prejudicial pretrial publicity, however, the District Judge concluded that there had been no denial of petitioner's federal constitutional rights. In so holding the District Judge appears to have relied in part upon the opinion of the Michigan Court of Appeals. The record fails to disclose whether or not the District Judge also had before him and made an independent review of the state trial court record, as required by Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *See also* Conner v. Wingo, 409 F.2d 21 (6th Cir. 1969).

The District Judge, however, also held that "on the face of the pleadings" petitioner had failed to present any federal

constitutional issue upon which his state remedies had been exhausted. Review of the petition convinces me that petitioner's allegations on the pretrial publicity issue, if accepted as true, did not constitute deprivation of due process of law under the standards of Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963); Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). See also Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966).

The judgment of the District Court should be affirmed.