James **BOLTON**, Petitioner-Appellant,

v.

George A. **KROPP**, Warden, Respondent-Appellee.

No. 20150.

United States Court of Appeals, Sixth Circuit.

July 16, 1970.

James Bolton, in pro. per., on brief.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Atty. Gen., Lansing, Mich., for appellee on brief.

Before McCREE and BROOKS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Petitioner-appellant, James Bolton, appeals from an order of the United States District Court for the Eastern District of Michigan denying his petition for a writ of habeas coorpus. Bolton was tried to the court without a jury in the Kent County Circuit Court of Michigan and convicted of the crime of second degree murder. He was sentenced to a term of twenty to thirty years in the Michigan State Prison at Jackson. The *district judge held that the appellant had exhausted his state remedies (Section 2254, Title 28, U.S.C.) and denied the petition without a hearing.*

The appellant claims that he was psychologically coerced into making a confession which was admitted into evidence at the trial. He alleges:

"I was taken to County Jail, thrown into a cold, bedless, mattressless cell, with no blankets, no wash basin, the only toilet was a barred hole in the near center of the cell. The bed was an elevated ridge of concrete, with nothing on it as covering. Petitioner was stripped of his clothing and shoes and socks, given a cloth pair of snikkers (sic) as shoes and was placed in the cold cell.

"Several hours later, Petitioner was taken out of this cold cell and questioned by three police officers. He was told that they could not get him out of this cell until he (Petitioner) cooperated and told them all about the shooting of Archie Motton. Petitioner, a Negro, an illiterate, unable to think, being emotionally disturbed, and he told the officers 'yes' to all that they asked him in exchange for being taken out of the cold, filthy cell."

Such treatment, if it actually occurred, is shocking and inexcusable in this enlightened age where humane treatment is the rule under all circumstances, even for prisoners charged with crime. It raises issues of fact as to the truth of the allegations and whether there was any prejudice to the appellant, which require a hearing in the District Court. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

In Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 759, 9 L.Ed.2d 770, the Court said,

"Where the fundamental liberties of the person are claimed to have been infringed, we carefully scrutinize the state-court record. (Citations omitted). The duty of the Federal District Court on habeas is no less exacting.

\* \* \* \* \* \*

"\* \* \* Even if all the relevant facts were presented in the state-court hearing, it may be that the fact-finding procedure there employed was not adequate for reaching reasonably correct results. \* \* \*. Even where the procedure employed does not violate the Constitution, if it appears to be seriously inadequate for the ascertainment of the truth, it is the federal judge's duty to disregard the state findings and take evidence anew."

See also Conner v. Wingo, 409 F.2d 21 (C.A. 6).

We remand the case to the District Court with instructions to determine the factual issues involved. If the record of the trial is not available or if the fact

**1168**

finding procedure employed there was not adequate for reaching a reasonably correct result the court will hold an evidentiary hearing or supplement the trial record with such additional evidence as the judge in his discretion deems necessary to determine the issues.

Reversed and remanded.