**Ellis George PAYNE, Petitioner-Appellant,**

v.

**Harold J. CARDWELL, Warden, Respondent-Appellee.**

**No. 20462.**

United States Court of Appeals, Sixth Circuit.

Jan. 6, 1971.

Jerome S. Kalur, Cleveland, Ohio, for petitioner-appellant; John H. Carson, Jr., Cleveland, Ohio, on brief.

James L. Hoover, Columbus, Ohio, for respondent-appellee; Paul W. Brown, Atty. Gen., William E. Dunlap, Jr., Asst. Atty. Gen., Columbus, Ohio, on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This appeal is from the order of the District Court denying an application for a writ of habeas corpus without an evidentiary hearing.

The petition asserts two grounds in support of the application for the writ: (1) that the lineup from which petitioner was identified was unfair and suggestive; and (2) that he had inadequate representation by privately-retained counsel.

The District Court found that the same constitutional grounds urged in the petition were assigned as error before the Ohio Ninth District Court of Appeals on petitioner's direct appeal from his conviction. The order here appealed from is based solely upon the conclusory holdings of the Ohio Court of Appeals. The transcript of the proceedings in the Ohio trial court is not part of the appellate record before this court and apparently was not examined by the District Court.

The decision of the Ohio Court of Appeals is not a transcript of an evidentiary hearing before a State court within the contemplation of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770. Under 28 U.S.C. § 2254(d) the District Court is not authorized to rely solely upon the State appellate determination. Hutchinson v. Craven, 415 F.2d 278 (9th Cir.); United States ex rel. Worlow v. Pate, 411 F.2d 972 (7th Cir.). In the latter case it was expressly held that a published appellate opinion alone cannot be a substitute for a State court record, since it does not contain evidence relating to those constitutional errors at which the petition for writ of habeas corpus is directed.

The decision of the District Court is vacated and the case is remanded with instructions that the transcript of the State court trial be filed in the District Court and examined by the District Judge. Unless a factual determination of the issues presented by the petition for writ of habeas corpus can be determined from the State trial court record, and if petitioner has exhausted his remedies in the State Courts, an evidentiary hearing should be held in accordance with Townsend v. Sain, supra.

The brief of the respondent on this appeal concedes that petitioner has exhausted his State court remedies. However, we do not preclude the District Court from making a determination of fact on this issue on remand.

Vacated and remanded.