Robert C. WOODS, Petitioner-Appellant,

v.

George A. KROPP, Warden, Michigan State Penitentiary, Respondent-Appellee.

No. 71–1416.

United States Court of Appeals, Sixth Circuit.

Dec. 13, 1971.

Robert C. Woods, pro se.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., on brief for respondent-appellee.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

PER CURIAM.

Appellant was sentenced on June 9, 1967, to a term of life imprisonment for the December 3, 1966 murder of a Grand Rapids, Michigan police officer who had kicked in the door of Woods' home to arrest him for felonious assault. The Michigan Court of Appeals affirmed the conviction and the Michigan Supreme Court denied leave to appeal. His application for certiorari to the United States Supreme Court was denied March 23, 1970, 397 U.S. 999, 90 S.Ct. 1146, 25 L.Ed.2d 410.

On April 7, 1970, Woods filed a petition for habeas corpus in the United States District Court for the Eastern District of Michigan. He asserted four grounds in support of the claim that the conviction had been obtained in violation of his constitutional rights: (1) that he was denied a fair trial because he was refused a change of venue despite the fact that the community had been so saturated by pretrial publicity that an impartial jury could not be selected; (2) that the refusal of the trial court to order production of statements obtained from witnesses by the prosecutor in advance of trial denied appellant due process of law; (3) that the refusal to exclude evidence of an earlier altercation in a bar was constitutionally erroneous; (4) that the court's refusal to rule on a motion to exclude appellant's confession as unreliable before defense counsel was required to make his opening statement denied due process.

The District Court denied the petition without a hearing on August 24, 1970 and an appeal ensued. Before consideration by this court on its merits, the case was remanded pursuant to appellee's motion to permit the District Court to make an independent review of the state court trial transcript and to make his own findings prior to ruling on the allegations of prejudicial pretrial publicity. *See,* Jenkins v. Kropp, 424 F.2d 665 (6th Cir. 1970).

Obedient to this direction, the District Court conducted such a review, and on April 12, 1970, filed an opinion and order denying the petition for habeas corpus. He determined that appellant was effectively represented by competent counsel, that the impact of prejudicial publicity was effectively neutralized by the court's supervision of the jury, and that the trial court's denial of the motion for a change of venue six months after the occurrence of the crime did not deprive appellant of a fair and impartial trial.

We have read the 1655 pages of the trial transcript and we hold that the District Court's findings are fully supported by the record. We observe that neither the second nor third ground presents federal constitutional issues and that no prejudice is shown from the judge's delay in excluding the confession before opening statements were made because no reference was made therein to a confession nor was one ever introduced in evidence.

The judgment is affirmed.