Malcolm THACKER, Petitioner,

v.

Donald E. BORDENKIRCHER,
Superintendent, Respondent.

No. 76-2467.

United States Court of Appeals,
Sixth Circuit.

Argued April 19, 1977.
Decided June 23, 1977.

J. Vincent Aprile, II, Frankfort, Ky., for petitioner.

Robert F. Stephens, Atty. Gen., Com. of Ky., Mark F. Armstrong, Frankfort, Ky., for respondent.

Before PHILLIPS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

PHILLIPS, Chief Judge.

Malcolm Thacker appeals from the denial of his application for a writ of habeas corpus, contending that he was deprived of his constitutional right to effective assistance of counsel because the State trial judge appointed only one attorney to represent him and his co-defendant in a murder trial.

In the State court trial both defendants attempted to establish a defense of justifiable homicide, and Thacker separately tried to convince the jury that he was merely a bystander at the scene of the crime. On October 4, 1973, the State court jury found Thacker guilty of aiding and abetting the commission of a willful murder and Thacker was sentenced to life imprisonment. His co-defendant was found guilty of willful murder. Thacker asserts that he was denied his right to effective assistance of counsel because his court-appointed attorney had conflicting interests in trying to represent him and his co-defendant.

The District Court dismissed the petition without an evidentiary hearing and without examining the State trial court transcript, relying entirely upon the determination of the Court of Appeals of Kentucky in *Thacker v. Commonwealth,* 512 S.W.2d 528 (Ky. 1974). We vacate and remand for failure to follow the procedure required by *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *Payne v. Cardwell,* 436 F.2d 577 (6th Cir. 1971) and other cases hereinafter cited.

The case was assigned to a federal magistrate for preliminary review pursuant to 28 U.S.C. § 636(b). The transcript of Thacker's State court trial was not filed in the district court and was never examined by the magistrate or the district judge. Reliance for the facts concerning Thacker's asserted ground for federal habeas corpus was placed entirely upon the summary of the evidence contained in the opinion of the Kentucky Court of Appeals. In a written report the magistrate recommended that the application be denied and that the petition be dismissed. In a memorandum opinion the district judge followed this recommendation, without having available the State trial court transcript.

■ In a federal habeas corpus action presenting a substantial constitutional challenge to proceedings in a State court, it is error for a district court to rely upon the findings and conclusions of a State appellate court without reviewing the State trial court transcript.

In *Payne v. Cardwell, supra,* 436 F.2d 577, 578 (6th Cir. 1971), this court said:

The decision of the Ohio Court of Appeals is not a transcript of an evidentiary hearing before a State court within the contemplation of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Under 28 U.S.C. § 2254(d) the District Court is not authorized to rely solely upon the State appellate determination.

To like effect see *Woods v. Kropp,* 451 F.2d 1324 (6th Cir. 1971); *Bolton v. Kropp,* 428 F.2d 1166 (6th Cir. 1970); *Conner v. Wingo,* 409 F.2d 21 (1969), *cert. denied,* 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 121 (1972); *Davis v. Kropp,* 339 F.2d 845 (6th Cir. 1965).

Other Circuits hold to the same effect. *Irwin v. Wolff,* 529 F.2d 1119 (8th Cir. 1976); *Winford v. Swenson,* 517 F.2d 1114 (8th Cir. 1975); *Selz v. California,* 423 F.2d 702 (9th Cir. 1970); *Hutchinson v. Craven,* 415 F.2d 278 (9th Cir. 1969); *United States ex rel. Worlow v. Pate,* 411 F.2d 972 (7th Cir. 1969), *cert. denied sub nom, Lane v. Pate,* 403 U.S. 921, 91 S.Ct. 2238, 29 L.Ed.2d 699 (1971); *United States ex rel. Thomas v. Maroney,* 406 F.2d 992 (3rd Cir. 1969); *Dentis v. State of Oklahoma,* 376 F.2d 590 (10th Cir. 1967).

■ Thacker contends that he was deprived of the undivided loyalty of his court-appointed counsel at trial because of the joint representation of two defendants. This is precisely the kind of fact question requiring examination of the State trial court record rather than relying on a summary in an opinion of an appellate court.

The decision of the district court is vacated and the case is remanded with instructions that the transcript of the State court trial be filed in the district court and examined by the district judge. Unless a factual determination of the issues presented by the petition for writ of habeas corpus can be determined from the State trial court record, an evidentiary hearing should be conducted in accordance with *Townsend v. Sain.*

Vacated and remanded.