**James Roy HILL, Appellant,**

v.

**Donald WYRICK, Appellee.**

**No. 77–1535.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1977.

Decided Feb. 14, 1978.

---

Lawrence J. Altman, Clayton, Mo., for appellant; William R. Hirsch, Clayton, Mo., on the brief.

Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John D. Ashcroft, Atty. Gen., Jefferson City, Mo., on the brief.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

James Roy Hill appeals from the District Court's [1] denial of his writ of habeas corpus

---

1. The Honorable John K. Regan, United States District Court for the Eastern District of Missouri.

filed pursuant to 28 U.S.C. § 2254. We affirm.

Petitioner was convicted in the St. Louis Circuit Court of various counts of murder, robbery, and assault in connection with a robbery that occurred at Cousin Hugo's tavern in Maplewood, Missouri on March 18, 1972. His conviction was affirmed by the Missouri Court of Appeals and the Missouri Supreme Court denied review.[2]

Prior to the state trial, a state judge ordered a hearing to determine whether the proposed in-court identification of petitioner by Sandra Clemmons, an eyewitness to the robbery, was based on a pretrial, photographic display or had an independent source. Despite the judge's order, no hearing was held and, notwithstanding, Sandra Clemmons was permitted to identify petitioner. During the course of her testimony, Mrs. Clemmons indicated that while she had seen photographs before trial, she had been unable to identify petitioner from them.[3]

■ Petitioner contends, as he did below, that his constitutional rights were violated by the state trial court's failure to conduct a hearing to determine whether the proposed witness had an independent basis on which to base her in-court identification or whether the in-court identification was the result of a suggestive photographic display. He argues that Sandra Clemmons' in-court identification of him was tainted by the pretrial photographic display and deprived him of his constitutional rights. He does not, however, allege that the pretrial identification was impermissibly suggestive or otherwise improper.[4]

I.

The District Court summarily dismissed Hill's petition. The Court did not examine the transcript of the state trial proceedings but merely relied upon the facts as alleged in the petition and the opinion of the Missouri Court of Appeals. Appellant contends that the District Court should have examined the state transcript before dismissing the petition.

■ We have stated on several occasions that in a habeas corpus proceeding, a federal district court may not rely on the findings of fact of a state court unless the federal court has independently examined a transcript of the state proceedings. See *Irwin v. Wolff*, 529 F.2d 1119, 1122 n. 10 (8th Cir. 1976); *Winford v. Swenson*, 517 F.2d 1114, 1118 n. 7 (8th Cir.), *cert. denied*, 423 U.S. 1023, 96 S.Ct. 464, 46 L.Ed.2d 396 (1975). *See also Thacker v. Bordenkircher*, 557 F.2d 98, 99 (6th Cir. 1977); *Dyer v. Wilson*, 446 F.2d 900, 901 (9th Cir. 1971); *Selz v. California*, 423 F.2d 702, 703 (9th Cir. 1970); *United States ex rel. Worlow v. Pate*, 411 F.2d 972, 974 (7th Cir. 1969), *after remand*, 437 F.2d 909, 910–11 (7th Cir.), *cert. denied*, 403 U.S. 921, 91 S.Ct. 2238, 29 L.Ed.2d 699 (1971); *United States ex rel. Thomas v. Maroney*, 406 F.2d 992, 994–95 (3rd Cir. 1969). In all of these cases, however, the habeas petitions alleged violations of a constitutional magnitude.

A district court need not entertain a habeas petition at all unless the facts alleged in the petition indicate that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because no laws or treaties of the United States are implicated in this case, in order for Hill's petition to entitle him to relief, it must allege facts indicating that his constitutional rights have been violated, *see Collins v. Swenson*,

---

2. The opinion of the Missouri Court of Appeals is reported at *State v. Hill*, 539 S.W.2d 521 (Mo.App.1976).

3. According to the petition, Sandra Clemmons (incorrectly referred to as Sandra Collins) stated that she had seen the photographs while in the hospital and again at police headquarters after her release from the hospital. She was unable to identify petitioner on either occasion or at a subsequently held deposition.

4. At his state trial, petitioner did not request that the court conduct the previously ordered hearing. The Missouri Court of Appeals, noting that the issue had not been preserved, nevertheless, reached the merits. *State v. Hill, supra*, 539 S.W.2d at 527. Thus, Judge Regan concluded, and we agree, that the merits were properly before the District Court. *See Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 2247 n. 7, 53 L.Ed.2d 140 (1977); *Warden v. Hayden*, 387 U.S. 294, 297 n. 3, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1966).

443 F.2d 329, 331 (8th Cir. 1971).[5] It follows that unless petitioner has alleged a constitutional claim, the district court properly dismissed the petition without an independent examination of the state transcript. We must therefore determine from an examination of the petition whether facts giving rise to a constitutional violation in the state trial have been alleged.

## II.

■ Because Hill's petition was filed pro se, we are obligated to give it a liberal construction. See *Wilwording v. Swenson*, 502 F.2d 844, 847 n. 4 (8th Cir. 1974), *cert. denied*, 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843 (1975).

In his petition, Hill alleges that the state trial court failed to hold a previously ordered hearing to determine whether Sandra Clemmons' in-court identification was independently supported and not tainted by a pretrial photographic display. He also alleges that according to her testimony, Mrs. Clemmons was unable to identify petitioner at any of the pretrial identification sessions.

■ The Supreme Court has differentiated between pretrial line-ups and pretrial photographic identifications. Unlike post-indictment pretrial line-ups, pretrial photographic identifications, whether before or after indictment, have not been held to be a "critical stage" in the criminal proceedings requiring right to counsel. Compare *United States v. Ash*, 413 U.S. 300, 321, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1972) (pretrial photographic display) with *United States v. Wade*, 388 U.S. 218, 227, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (pretrial post-indictment line-up). See also *Kirby v. Illinois*, 406 U.S. 682, 688–91, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) (no right to counsel before initiation of adversary criminal proceedings). When an uncounseled pretrial

post-indictment line-up is held, the trial court must exclude a subsequent in-court identification of the accused unless the government can demonstrate that the in-court identification has an independent source. See *United States v. Wade, supra*, 388 U.S. 218, 242, 87 S.Ct. 1926. On the other hand, convictions in which an eye-witness identification at trial follows a previously held pretrial photographic identification will not be set aside unless the "photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); see *United States v. Smith*, 546 F.2d 1275, 1279 (5th Cir. 1977); *United States v. Monteer*, 512 F.2d 1047, 1050 (8th Cir.), *cert. denied*, 423 U.S. 855, 96 S.Ct. 103, 46 L.Ed.2d 80 (1975).

■ Before the trial court must conduct a hearing to determine whether an in-court identification is independently supported or the result of an impermissibly suggestive pretrial photographic display, the defendant must assert in more than conclusory fashion that the pretrial photographs were displayed in an impermissibly suggestive manner. See *United States v. Cranson*, 453 F.2d 123, 127 (4th Cir. 1971), *cert. denied*, 406 U.S. 909, 92 S.Ct. 1607, 31 L.Ed.2d 821 (1972) *citing Simmons v. United States, supra*.

■ Hill's petition, construed liberally, does not allege facts indicating that the pretrial photographic display was in any way impermissibly suggestive. In fact, the petition points out that Mrs. Clemmons was unable to identify petitioner from the photographs. Thus, not only was the pretrial identification not impermissibly suggestive, it does not appear to have been suggestive

5. When a petitioner's claim has its source in the "laws" of the United States, habeas relief is available only if "the claimed error of law was 'a fundamental defect which inherently result[ed] in a complete miscarriage of justice,' and . . . '[i]t . . . present[ed] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus [was] apparent.'" *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1973).

at all.[6] The state court was not constitutionally required to conduct a hearing and under the facts alleged in the petition its failure to do so was at most procedural error not cognizable on habeas corpus, *see* 28 U.S.C. § 2254(a); *United States ex rel. Choice v. Brierley*, 460 F.2d 68, 70–71 (3rd Cir. 1972); *Collins v. Swenson, supra*, 443 F.2d at 331.[7]

■ This defect is apparent from the petition. While a district court normally should not dismiss habeas petitions on the basis of a state court opinion without first examining a transcript of the state proceedings, its failure to do so in this context is not error because Hill's petition, construed liberally, does not raise a constitutional claim.[8]

We affirm the District Court's dismissal of the petition.

ROSS, Circuit Judge, dissenting.

This case involves a pro se petition for habeas corpus relief. As the majority opinion notes, we are required to give a liberal construction to such a petition. *See Wilwording v. Swenson*, 502 F.2d 844, 847 n. 4 (8th Cir. 1974), *cert. denied*, 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843 (1975). In this case a liberal construction would require a finding that the petitioner challenged the propriety of the pretrial photographic display shown to Sandra Clemmons. If that display was impermissibly suggestive or otherwise improper, Hill's claim reaches constitutional proportions cognizable by the federal court and I do not think this issue can be resolved without reviewing the transcript of the state court proceedings.

For this reason I would remand the case with an order that the district court review the state proceedings to determine whether

---

**6.** Even if a pretrial photographic identification is suggestive, the totality of the circumstances surrounding it determines whether it constitutes a denial of due process. *See Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1966); *United States v. Lewis*, 547 F.2d 1030, 1035 (8th Cir. 1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977). In *Neil v. Biggers*, 409 U.S. 188, 196–201, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), in the context of a pretrial "show-up," the Supreme Court held that testimony concerning a suggestive and unnecessary pretrial identification procedure does not violate due process if, under the totality of the circumstances, it is otherwise sufficiently reliable. *Biggers* was reaffirmed last term in *Manson v. Brathwaite, supra*, 97 S.Ct. at 2249–53 (1977).

The District Court found that, according to the state appellate court, Mrs. Clemmons' testimony revealed an independent basis for her identification of petitioner. The District Court concluded that even if Hill's petition had alleged an impermissible pretrial identification, under the totality of the circumstances, her in-court testimony was otherwise reliable and did not violate petitioner's right to due process of law. *See United States v. Lewis, supra*, 547 F.2d at 1035; *United States v. Monteer*, 512 F.2d 1047, 1050 (8th Cir.), *cert. denied*, 423 U.S. 855, 96 S.Ct. 103, 46 L.Ed.2d 80 (1975); *Evans v. Janning*, 489 F.2d 470, 474 (8th Cir. 1973). While this holding is tenuous since the state record was not examined by the District Court, our affirmance of its conclusion that no constitutional issue was asserted makes review of the holding unnecessary.

**7.** For the same reason, it was unnecessary for the District Court to conduct an evidentiary hearing. When, as here, a petition fails to allege that the pretrial photographic identification was improper under *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) or, discloses no facts from which such a claim can be inferred, the trial court's decision to conduct a hearing to determine the basis for the in-court identification is discretionary. *See United States v. Smith*, 546 F.2d 1275, 1279 (5th Cir. 1977); *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972), *cert. denied*, 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973); *United States v. Cranson*, 453 F.2d 123, 127 (4th Cir. 1971), *cert. denied*, 406 U.S. 909, 92 S.Ct. 1607, 31 L.Ed.2d 821 (1972). *See also United States v. Jackson*, 451 F.2d 259, 262 (5th Cir. 1971). As the Fifth Circuit has stated:

> An evidentiary hearing [by the trial court] is not required [to determine the basis for an in-court identification] where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify relief requested.

*United States v. Poe, supra*, 462 F.2d at 198.

**8.** In *Thacker v. Bordenkircher*, 557 F.2d 98, 99 (6th Cir. 1977), the Sixth Circuit held that a district court may not rely on the findings and conclusions of a state court when the habeas petition alleges a "substantial" constitutional claim. In view of our holding that Hill's petition failed to assert a constitutional claim at all, we need not determine whether to apply the Sixth Circuit's stricter standard.

the photographic display was so suggestive that it tainted Clemmons' in-court identification in violation of Hill's constitutional rights.