900 F.2d 253
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond R. LATHAM, Petitioner-Appellant,
v.
Arnold J. HOPKINS, Commissioner, Department of Corrections;
Joseph J. Curran, Attorney General, State of
Maryland, Respondents-Appellees.
 No. 89-6582.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1989.
Decided: Feb. 2, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (C/A No. 87-2785-PN)
 Raymond R. Latham, appellant pro se.
 John Joseph Curran, Jr., Patricia DuVall Storch, Valerie Johnson Smith, Office of the Attorney General, for appellees.
 D.Md.
 AFFIRMED IN PART, VACATED AND REMANDED.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond R. Latham seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Latham alleged that he had received ineffective assistance of counsel resulting in the entry of an involuntary guilty plea, that the plea agreement was violated, and that his sentence was imposed in violation of due process and amounts to cruel and unusual punishment. We affirm in part and remand in part.
 
 
 2
 Latham's ineffective counsel argument is based on the following allegations: his attorney agreed to interview the alleged victims, three boys between ages 11 and 13, and Latham's "star witness," his daughter, but then failed to do so; such interviews would have revealed that the enforcement officers had coerced the boys into giving the statements against Latham; not having that information available at the time of his hearing, Latham chose to enter a guilty plea rather than subject the already-traumatized children to the further trauma of testifying and being cross-examined;* therefore his plea was involuntary. Latham also alleges that he was led to believe his attorney had secured an agreement which would give him a sentence concurrent with a prior sentence, that as there was no such agreement his plea was involuntary, and that his attorney failed to advise him that he could ask to withdraw his plea when he learned that a consecutive sentence was about to be imposed. These issues were the subject of a post-conviction hearing in state court and were found there to have no merit. The record in this case does not contain a copy of the plea agreement or transcripts of the guilty plea hearing or the post-conviction hearing (except for the judge's oral opinion). Without these records from the state court, the district court could not determine whether the factual findings of the state court are supported by the record as required by 28 U.S.C. Sec. 2254 and Townsend v. Sain, 372 U.S. 293, 313 (1963). See also Hill v. Wyrick, 570 F.2d 748, 752 (8th Cir.), cert. denied, 436 U.S. 921 (1978) (where habeas petitioner raises constitutional claim federal court may not rely on state court's finding of fact unless federal court has independently examined transcript of state court proceedings; Turner v. Chavez, 586 F.2d 111-112 (9th Cir.1978) (federal court must make determination as to sufficiency of state court findings from independent review of state records).
 
 
 3
 Moreover, without these state records, the district court could not make an independent determination of the effectiveness of Latham's representation, Strickland v. Washington, 466 U.S. 668 (1984) (attorney effectiveness a mixed question of law and fact reviewable by federal court), and the voluntariness of his guilty plea. Under Hill v. Lockhart, 474 U.S. 52, 58 (1985), a guilty plea will not stand if it is made only because of an attorney's unprofessional errors. We therefore vacate the district court's judgment on these issues and remand so that the district court may supplement the record with the state court records and conduct further proceedings. We deny Latham's motion for production of the post-conviction transcript in this court because it is more properly produced in the district court in the first instance.
 
 
 4
 We find that Latham's sentence is within the statutory limits and does not constitute cruel and unusual punishment and that due process was not violated when the sentencing judge heard evidence of other crimes for which Latham had been indicted. United States v. Legrano, 659 F.2d 17 (4th Cir.1981). We affirm the judgment of the district court on these issues.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. A certificate of probable cause to appeal is granted.
 
 
 6
 AFFIRMED IN PART, VACATED AND REMANDED.
 
 
 
 *
 Cf. Haring v. Prosise, 462 U.S. 306, 319 (1983)