**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHRISTOPHER BIVENS,

Petitioner-Appellant,

v.

STEVE HARGETT,

Respondent-Appellee.

No. 97-6333
(D.C. No. 97-CV-568)
(W.D. Okla.)

---

ORDER AND JUDGMENT    *

---

Before **BRORBY, McKAY,**   and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Christopher Bivens appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Because petitioner has not made a substantial showing of the denial of a constitutional right, we deny his application for a certificate of appealability and dismiss the appeal.

Background

Petitioner was arrested in Oklahoma for passing bogus checks. Before trial, his attorney filed a number of motions, including a motion to suppress. These motions were denied, however, when petitioner's attorney failed to appear at the suppression hearing. Petitioner was convicted of two counts of obtaining money or property by false pretenses, two counts of attempting to obtain money by false pretenses, and one count of conspiracy. Because petitioner had two prior convictions in Texas, he was sentenced to a total of 130 years' incarceration.

On direct appeal, the Oklahoma public defender's office raised and fully briefed the following issues:

1. The trial court erred in failing to rule that petitioner's arrest was without probable cause, in violation of the Fourth and Fourteenth Amendments, and in admitting evidence and statements illegally obtained from petitioner following the improper arrest;

2. As the state did not establish the validity of the initial seizure of petitioner and his car, any subsequent search of the vehicle violated the U.S. and Oklahoma constitutions;

3.  The seizure of items from petitioner's car during an inventory search six months after his arrest violated his constitutional rights;

4.  The in-court identification of petitioner was influenced by unduly suggestive pre-trial identification procedures in violation of the due process clause of the U.S. and Oklahoma constitutions;

5.  Two of the counts should have been dismissed for insufficient evidence because petitioner was in police custody when the charged crimes were committed; and

6.  Because petitioner was in custody when two of the crimes occurred, failure to give an alibi instruction was fundamental error.

After considering "the entire record . . . including the original record, transcripts, and briefs of the parties," the Oklahoma Court of Criminal Appeals affirmed petitioner's convictions, finding "that neither reversal nor modification is required under the law and the evidence."  R., doc. 13, exh. A at 2.

Petitioner filed an application for post-conviction relief in the Oklahoma state district court, raising twenty-one claims for relief.  The state district court denied the application on July 15, 1996, holding (1) the issues that had been raised previously in petitioner's direct appeal were barred from consideration by res judicata; (2) the issues that had not been raised in the direct appeal were barred because they should have been raised earlier; and (3) petitioner had not alleged or proved an exception to the "bypass rule."

Under Oklahoma rules of procedure, petitioner's appeal from the district court's decision was due on August 14, 1996.  Petitioner gave his appeal to prison

authorities either on August 13 or 14. The state appellate court received the appeal on August 15, one day out of time, and accordingly dismissed the appeal for lack of jurisdiction. Petitioner then filed a motion to reconsider based on Houston v. Lack, 487 U.S. 266, 274-76 (1988), which holds that under the federal rules, a prisoner is deemed to have "filed" his appeal when he hands it to prison authorities. The Oklahoma Court of Criminal Appeals rejected this filing, presumably because a motion to reconsider was the wrong vehicle for raising this claim (the second page of the order was not included in the record).

On January 17, 1997, petitioner filed a second application for post-conviction relief with the state district court. This application was denied based on petitioner's failure to verify the application as required by statute. The Oklahoma appellate court affirmed the denial based on the lack of verification.

On April 17, 1997, petitioner filed this federal habeas petition, asserting twenty-one claims for relief. [1] The magistrate judge to whom the case was

---

[1] The petition raised the following grounds for relief:

1) The trial court committed reversible and fundamental error in failing to rule that petitioner's arrest was without probable cause and violated the Fourth and Fourteenth Amendments of the United States Constitution, and in admitting evidence and statements illegally obtained from petitioner, which resulted in a miscarriage of justice.

2) The State failed to establish the validity of the initial seizure of petitioner and his vehicle, therefore, any subsequent search of the

(continued...)

-4-

vehicle was in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article 2, § 30 of the Oklahoma Constitution and resulted in a miscarriage of justice.

3)    The alleged consent given to allow Detective Chris Lang to search petitioner's vehicle was given after petitioner had invoked his Fifth Amendment right to counsel, thus the consent was invalid.

4)    The trial court committed reversible error, when the trial judge allowed an involuntary statement to be used as evidence without an in-camera hearing.

5)    The State failed to prove that the arrest and detention of petitioner were lawful, therefore any subsequent search was invalid.

6)    Because the State failed to show that the initial arrest was valid and because the State failed to show that the impound was conducted pursuant to written policies and procedures, the subsequent inventory of the vehicle was invalid.

7)    The seizure of items from petitioner's vehicle on April 15, 1994, was in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article 2, § 30 of the Oklahoma Constitution and resulted in a miscarriage of justice.

8)    The in-court identification of petitioner was influenced by unduly suggestive pre-trial identification procedures violative of the Due Process Clause of the United States and Oklahoma Constitutions, which resulted in a miscarriage of justice.

9)    Jessica Teel's identification was tainted by the showing of a single photograph of petitioner, and the photographic line-up was both suggestive and inconclusive and violated petitioner's due process rights and resulted in a miscarriage of justice.

10)   Counts II and III should be dismissed because petitioner was in

(continued...)

[1](...continued)
police custody when the charged crimes were committed, and evidence was insufficient to link petitioner with the charged crimes, which resulted in a miscarriage of justice.

11)   Trial Court lost jurisdiction over the person of petitioner and subject matter of the offenses, and was without authority of law to pronounce a valid judgment of conviction and sentence, by admitting into evidence an involuntary statement obtained in the denial of petitioner's constitutional right to due process of law, which resulted in a miscarriage of justice.

12)   Petitioner's conviction violates the Due Process Clause of the Fourteenth Amendment due to the ineffectiveness of his attorney, Joel A. Porter, resulting in a miscarriage of justice.

13)   Petitioner's conviction violates the Due Process Clause of the Fourteenth Amendment due to the suppression of exculpatory evidence by the prosecutor (Ed Carey, Jr.) that should have established his innocence, resulting in a miscarriage of justice.

14)   Petitioner's Sixth and Fourteenth Amendment rights were violated when the prosecutor used false evidence and perjured testimony to convict petitioner, thus resulting in a miscarriage of justice.

15)   Petitioner was denied his Fourteenth Amendment guarantee to effective assistance of counsel, when his court-appointed appellate counsel failed to raise obvious meritorious claims on direct appeal that would have resulted in vacation of conviction or modification of sentences, which resulted in a miscarriage of justice.

16)   The State post-conviction corrective process does not provide an adequate or effective remedy under 22 Okla Stat. §§ 1080-87 to afford petitioner a full and fair hearing on the federal claims alleged in petitioner's appeal from denial for post-conviction relief, which on its face entitles petitioner to an evidentiary hearing in the District

(continued...)

Court of Stephens County, where the Oklahoma Court of Criminal Appeals applied an incorrect standard to decline jurisdiction, when petitioner's claim of innocence overcomes any procedural bar and resulted in a miscarriage of justice.

17)   The Oklahoma Court of Criminal Appeals' factual development does not rest upon an adjudication of the merits of petitioner's claim raised on direct appeal (Prop. II-a: Where petitioner invoked his Fifth Amendment right to counsel, making the alleged consent invalid), which resulted in a decision that is contrary to clearly established federal law, as determined by the Supreme Court and an unreasonable determination of the facts, in light of the evidence presented in the State Court proceeding.

18)   Petitioner's sentences exceed the maximum authorized by law in that the district trial court did not have subject matter jurisdiction over the recidivist charge or the authority under Oklahoma law to try the petitioner as a habitual offender under 21 Okla. Stat. § 51(B), resulting in the recidivist conviction of petitioner who is actually innocent and a fundamentally unjust incarceration.

19)   Petitioner was denied his substantial rights to due process, when Stephens County officials interfered with a pending judicial proceeding, by misinforming attorney Joel A. Porter on the specific time to appear for a scheduled motion hearing, thus denying petitioner both his state and federal rights to develop material facts and issues, which resulted in the conviction of petitioner who is actually innocent.

20)   Petitioner was denied due process and equal protection of the law, when District Judge George Lindley committed "plain error" and abused his discretion by failing to respond or grant petitioner's request of trial transcript at State's expense, which resulted in an obstruction of justice, thus making compliance with procedural rules impracticable, as petitioner was prejudiced, which prevented the petitioner from adequately raising claims of constitutional violations

(continued...)

referred recommended that the petition be denied in part and dismissed in part, based on the following analyses.

Noting that issues one through ten had been raised on direct appeal, he recommended they be denied because (1) issues one through seven were search and seizure claims barred by Stone v. Powell, 428 U.S. 465 (1976); (2) issues eight and nine, regarding unduly suggestive pretrial identifications, did not deprive petitioner of due process because six eyewitnesses could not identify petitioner from the photo array, and because although witness Teel's identification was tainted by an unduly suggestive pretrial procedure, there was sufficient evidence other than her identification to convict petitioner; and (3) issue ten did not demonstrate the evidence was insufficient because the witnesses' testimony regarding checks that were cashed "around 8:00 p.m." and "around 8:30 p.m." were only approximations made nearly six weeks after the events.

---

[1](...continued)
committed by trial judge, prosecutor and trial lawyer, as well as appellate counsel in collateral proceedings, which if proven, entitles petitioner to relief.

21) The District Court of Stephens County lost jurisdiction over the person of defendant or the subject matter of the offenses when District Judge George W. Lindley denied petitioner his Fourteenth Amendment right to due process by failing to order a presentence investigation, thus resulting in an unjust incarceration.

The magistrate judge recommended that the remaining issues be dismissed as procedurally barred, based on petitioner's failure to timely appeal the denial of his application for post trial relief. The magistrate judge concluded that petitioner had not shown cause for his procedural default, because (1) he should have filed a motion for an appeal out of time with the state district court instead of filing a motion to reconsider with the state appellate court; (2) he did not prove he gave the appeal to prison authorities on the date he claims to have done so; and (3) he did not make a colorable showing of actual innocence so as to establish that a procedural bar would create manifest injustice. Nonetheless, the magistrate judge examined the merits of the procedurally defaulted issues to determine they were without merit. The district court adopted the magistrate judge's report and recommendation. This appeal followed.

Before we may review petitioner's claims, he must obtain a certificate of appealability, by making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met by showing that petitioner's issues "are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk , 111 F.3d 91, 91 (10th Cir. 1997). We conclude petitioner has not made the required showing as to any of his issues.

Fourth Amendment Issues

Where a state has provided an opportunity for full and fair litigation of Fourth Amendment claims, a state prisoner may not be granted federal habeas corpus relief on the grounds that evidence obtained through an illegal search or seizure was introduced at his trial. See Stone v. Powell, 428 U.S. 465, 494 (1976). Here, Oklahoma gave petitioner the "opportunity" to test his Fourth Amendment claims, but such available procedures were forfeited by his attorney's failure to appear at the hearing. See Gamble v. Oklahoma, 583 F.2d 1161, 1164-65 (10th Cir. 1978) (explaining that court should focus primarily on whether a state provided a procedural opportunity to litigate Fourth Amendment claims in determining whether the state provided "an opportunity for full and fair litigation" of such claims); see also Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992) (reiterating that court should focus on procedural "opportunity" to raise claims, and holding petitioner's Fourth Amendment claim not cognizable because he failed to present it to state court despite adequate time to do so). Further, the Fourth Amendment claims were fully briefed on appeal, and the Oklahoma Court of Criminal Appeals appears to have considered the issues on their merits.

Petitioner's argument that he was denied a full and fair opportunity to litigate his Fourth Amendment issues based on his attorney's failure to appear at the suppression hearing is more properly viewed as an assertion of ineffective

assistance of counsel.  Such a claim is cognizable in federal habeas proceedings, notwithstanding the rule in Stone.  See Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986).  However, as will be discussed, petitioner's ineffective assistance claim has been procedurally defaulted.

Undue Suggestiveness of Pretrial Identifications

Petitioner has not shown a substantial issue regarding the propriety of the pretrial identification procedures.  The magistrate judge correctly determined that the photo array used for pretrial identification was not unduly suggestive because six of the eyewitnesses could not identify petitioner.  See United States v. Borrelli, 621 F.2d 1092, 1095-96 (10th Cir. 1980) (holding photo array was not impermissibly suggestive, and stating it was "noteworthy" that only two of the four eyewitnesses identified defendant from the photos); Hill v. Wyrick, 570 F.2d 748, 751-52 (8th Cir. 1978) (holding when witness was unable to identify petitioner from photo array it was not impermissibly suggestive, and a hearing was not constitutionally required).

So too, the magistrate judge's resolution of petitioner's claim regarding witness Teel's identification was proper.  Teel was shown a single photo of petitioner at the police station.  The magistrate judge concluded that even if her in-court identification of petitioner had been tainted by the impermissibly suggestive procedure, there was sufficient other evidence to convict petitioner.

-11-

As impermissible identification errors are subject to a harmless error analysis and the evidence against petitioner was quite strong (including identification by other eyewitnesses), we see no reason to grant a certificate of appealability on this issue. <u>See, e.g.</u>, <u>United States v. Rogers</u>, 126 F.3d 655, 659-60 (5th Cir. 1997) (holding admission of identification based on impermissibly suggestive procedures to be harmless error); <u>United States v. Ciak</u>, 102 F.3d 38, 42-43 (2d Cir. 1996) (same).

Sufficiency of the Evidence and Alibi Instruction

Petitioner also has not made a substantial showing of the denial of a constitutional right concerning the sufficiency of the evidence to support his conviction on counts II and III, for the reasons stated by the magistrate judge. His claim regarding the trial court's failure to give an alibi instruction is not cognizable on appeal as he did not raise the issue to the district court, except as an element of his ineffective assistance of counsel claim. <u>See</u> <u>Glover v. Hargett</u>, 56 F.3d 682, 684 (5th Cir. 1995) ("[A] contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief.") (citation omitted).

Procedural Bar of Remaining Issues

Finally, petitioner has not made a substantial showing that the Oklahoma Court of Criminal Appeals deprived him of a constitutional right in dismissing his post-conviction appeal as untimely, resulting in the procedural bar of his remaining issues in this habeas action. Because petitioner's procedural default rested on a state rule of law which is uniformly enforced, the default was based on independent and adequate state grounds. Further, petitioner has not shown cause for his failure to apply for an appeal out-of-time, which is a remedy available to a state post-conviction petitioner who has been denied an appeal through no fault of his own. See Banks v. State, 953 P.2d 344, 346 (Okla. Crim. App. 1998); Hunnicutt v. State, 952 P.2d 988, 990 (Okla. Crim. App. 1997). Because petitioner did not take advantage of an available state procedure which might have salvaged his right to appeal, the magistrate judge was correct in finding all of his remaining claims procedurally barred.

Our opinion in Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994), does not require a contrary result. There, we held that an ineffective assistance of counsel claim may be considered on federal habeas review despite a state court finding that the claim was procedurally defaulted because it had not been raised on direct appeal. The decision reflected our concern that it would be unfair to limit such a claim to direct appeal in light of the need for additional

fact-finding and the need to permit consultation with separate counsel to obtain an objective assessment of trial counsel's performance. See Moore v. Reynolds, 153 F.3d 1086, 1096-97 (10th Cir. 1998). Here, in contrast, petitioner's claim was considered on its merits in a state post-conviction proceeding, but was defaulted because he failed to timely appeal that decision. The concerns addressed in Brecheen, therefore, are not implicated. See Moore, 153 F.3d at 1096-98 (holding an ineffective assistance claim raised for the first time in a successive post-conviction petition was procedurally barred despite Brecheen). Even if we were to consider petitioner's ineffective assistance claim on its merits, however, we would conclude he has failed to demonstrate the prejudice required by Strickland v. Washington, 466 U.S. 668, 691-94 (1984).

Petitioner's application for a certificate of appealability is DENIED and his appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-14-